JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**

GERLING AMERICA INSURANCE COMPANY

**DEFENDANTS**

ACCEPTANCE INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff  New York
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Nebraska
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Michael John Leahy [SBN 82247 ]
Haight Brown  LLP 6080 Center Dr #800, Los Angeles, CA, 90045, Tel. (310) 215-7100

Attorneys (If Known)

MICHAEL C. OLSON [SBN 149380]
Law Office of Michael C. Olson, P.C. 1400 Bristol Street North, Suite 270, Newport Beach, CA 92660
Tel.  (949) 442-8940

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Security Act | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities — | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities — | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus — | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332

Brief description of cause:
Declaratory relief, contribution and indemnity action regarding insurance coverage dispute

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $  unknown

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".  none

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
**(PLACE AND "X" IN ONE BOX ONLY)**

☒ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE
April 23 2008

SIGNATURE OF ATTORNEY OF RECORD

1 | MICHAEL C. OLSON [SBN 129496]
**LAW OFFICE OF MICHAEL C. OLSON, P.C.**
2 | 1400 Bristol Street North, Suite 270
Newport Beach, CA 92660
3 | Telephone (949) 442-8940
Facsimile  (949) 442-8935
4 | Email: molson@lawyer.com

5 | Attorneys for Defendant
ACCEPTANCE INSURANCE COMPANY

6

7

8 | ### UNITED STATES DISTRICT COURT

9 | ### NORTHERN DISTRICT OF CALIFORNIA

| GERLING AMERICA INSURANCE COMPANY, a Corporation, | Case No. _____ |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441** |
| v. | |
| ACCEPTANCE INSURANCE COMPANY, a corporation, and Does 1 to 100, inclusive, | |
| Defendant. | |

**PLEASE TAKE NOTICE** that Defendant ACCEPTANCE INSURANCE COMPANY hereby removes to this Court the state court action described below.

1.  On March 18, 2008, an action was commenced in the Superior Court in and for San Mateo County, State of California, entitled <u>Gerling America Insurance Company v. Acceptance Insurance Company, Defendant</u>, as case number CIV 471277. A copy of the Complaint is attached hereto as Exhibit "A".

2.  The date upon which service was complete upon Defendant Acceptance Insurance Company was April 3, 2008, when Defendant Acceptance was served with the Complaint pursuant to Insurance Code section 12931. A copy of the Summons is attached hereto as Exhibit "B".

3.  This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. section 1441 in that it is a civil action between citizens of different states

1    and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, because

2    Plaintiff is claiming that Defendant owes in excess of $800,000 in indemnity.

3         4.    Defendant is informed and believes that Plaintiff Gerling America Insurance

4    Company is a Citizen of the State of New York and California, because Gerling America Insurance

5    Company is incorporated in the State of New York and has its principal places of business in New

6    York and California.

7         5.    Defendant Acceptance Insurance Company is a Citizen of the State of Nebraska and

8    Iowa, because it is a corporation incorporated under the laws of the State of Nebraska, having its

9    principal place of business in the State of Iowa.

10        6.    Pursuant to 28 U.S.C. section 1446, Acceptance attaches the following documents

11   that have been served on Acceptance in the California Superior Court action:

12        a)  Complaint, attached hereto as Exhibit "A."

13        b)  Summons, attached hereto as Exhibit "B."

14        c)  Civil Case Cover Sheet, attached hereto as Exhibit "C."

15

16   Dated:    April 23, 2008              **LAW OFFICE OF MICHAEL C. OLSON, P.C.**

17

18                                  By:  _____

19                                       MICHAEL C. OLSON
                                         Attorneys for Defendant
20                                       ACCEPTANCE INSURANCE COMPANY

21

22

23

24

25

26

27

28

2

# EXHIBIT "A"

<table>
<tbody>
<tr><td>

1 | Michael J. Leahy (Bar No. 82247)
Christopher Kendrick (Bar No. 162869)
2 | HAIGHT BROWN & BONESTEEL, LLP
6080 Center Drive, Suite 800
3 | Los Angeles, CA 90045-1574
Telephone: 310.215.7100
4 | Facsimile: 310.215.7300

5 | Attorneys for Plaintiff
GERLING AMERICA INSURANCE COMPANY
6

7
</td></tr>
</tbody>
</table>

**FILED**
SAN MATEO COUNTY

MAR 1 8 2008

Clerk of the Superior Court

By _____
DEPUTY CLERK

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF SAN MATEO

11 | GERLING AMERICA INSURANCE          ) Case No.   **CIV 4 7 1 2 7 7**
COMPANY, a corporation,               )
12                                     )
            Plaintiff,                 )  **COMPLAINT FOR:**
13                                     )  **(1) DECLARATORY RELIEF;**
       v.                              )  **(2) CONTRIBUTION;**
14                                     )  **(3) EQUITABLE INDEMNITY**
ACCEPTANCE INSURANCE                   )
15 | COMPANY, a corporation; and DOES 1 to )
100, inclusive,                       )
16                                     )
            Defendants.                )  **FILE BY FAX**
17 _____ )

18        Plaintiff Gerling America Insurance Company ("Gerling America"), for causes of

19 | action against defendants, and each of them, alleges as follows:

20                         **GENERAL ALLEGATIONS**

21     **The Parties**

22        1.      Gerling America is, and all times herein mentioned was, a corporation

23 | authorized to conduct the business of an insurer in the State of California and to issue

24 | policies of insurance.

25        2.      Gerling America is informed and believes, and thereon alleges, that

26 | defendant Acceptance Insurance Company ("Acceptance") was, at all times relevant

27 | herein, a Nebraska domestic insurance company, transacting insurance with California

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HB99-0000201
3364253.2

1.
Complaint

1  residents as a nonadmitted or surplus lines insurer, and that in so doing, Acceptance agreed

2  to submit to the jurisdiction of the California courts.

3      3.    Gerling America is informed and believes, and thereon alleges, that

4  Acceptance sold a policy of insurance to W.L. Butler, Inc. ("W.L. Butler"), a California

5  corporation located in San Mateo County, and engaged in the business of construction.

6      4.    The true names and capacities of Does 1 through 50, inclusive, are unknown

7  to Gerling America who therefore sues said defendants by said fictitious names.

8  Defendants Does 1 through 50, inclusive, are persons, firms or corporations claiming or

9  intending to claim an interest in insurance policies issued by Acceptance because of the

10 facts herein alleged.  Defendants Does 51 through 100, inclusive, are legal entities engaged

11 in the business of insurance, with rights and obligations respecting the facts herein alleged.

12 Gerling America will seek leave of court to amend this complaint to reflect the true names

13 and capacities of said defendants when same have been ascertained.

14     5.    Gerling America is informed and believes, and thereon alleges, that at all

15 times mentioned herein each of the defendants was the agent, servant, or employee of each

16 of the other defendants, and was, at all material times, acting within the scope of said

17 agency and employment, and at all times mentioned herein each of the defendants has

18 ratified all of the acts of the remaining defendants, and each of them.

19     **Factual Background**

20     6.    Gerling America issued a commercial general liability policy of insurance to

21 W.L. Butler, Inc., No. 8020771GLP, effective 3/1/97 to 3/1/98 ("Gerling America

22 policy").  Among other things, the Gerling America policy provided coverage for damages

23 because of bodily injury and property damage.

24     7.    Gerling America is informed and believes, and thereon alleges, that

25 Acceptance also issued a Commercial General Liability policy of insurance to W.L. Butler,

26 Inc., No. D98CM0642, effective 3/1/98 to 3/1/99 ("Acceptance policy").  A copy of said

27 policy is attached hereto and labeled Exhibit "A".  Gerling America is further informed

28 and believes, and thereon alleges, that the Acceptance policy was renewed as No.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99 0000001
3361253 2

2
Complaint

1  D99CM0741, effective 3/1/99 to 3/1/2000, and that the renewal policy was similar in all

2  relevant respects to the first Acceptance policy.

3       8.    The Acceptance policies granted coverage as follows:

4           "The Company will indemnify the Insured, for ultimate

5           net loss in excess of the Insured's Retained Limit

6           hereinafter stated which the Insured shall become

7           legally obligated to pay as damages because of . . .

8           Property Damage. . . ."

9       9.    The Acceptance policies defined "property damage" as:

10           "(1)   Physical injury to, or destruction of, tangible

11           property which occurs during the policy period,

12           including the loss of use thereof at any time resulting

13           therefrom. . . ."

14       10.    W.L. Butler was sued in an action entitled *Mark Beiting v. Butler*

15  *Chamberlain-Neilsen Ranch, Ltd., et al.*, Sonoma County Superior Court No. SCV236761

16  ("*Beiting v. Butler* lawsuit").

17       11.    The *Beiting v. Butler* lawsuit alleged causes of action for strict liability;

18  negligence; breaches of warranty; nuisance; breaches of contract; and unfair business

19  practices, based on allegations of construction defects in twenty-one homes constructed by

20  W.L. Butler in Santa Rosa, California.

21       12.    W.L Butler tendered the action to its insurers, including Gerling America

22  and Acceptance. Both Gerling America and Acceptance are participating in the defense of

23  W.L. Butler, along with numerous other insurers. As insurers on the same risk, Gerling

24  America has equitable rights against Acceptance, including rights of contribution and

25  indemnity.

26       13.    Gerling America is informed and believes, and thereon alleges, that despite

27  having agreed to defend W.L. Butler, Acceptance has denied that it has any obligation to

28  indemnify W.L. Butler for damages awarded for property damage to any of the subject

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99-0000001
3364253.2

3
Complaint

1  homes completed before the Acceptance policies incepted, asserting that the Acceptance

2  policies require that both the work of the insured and the resultant damage take place

3  during the Acceptance policy periods.

4      14.    Gerling America is further informed and believes, and thereon alleges, that

5  despite having agreed to defend W.L. Butler, Acceptance has denied that it has any

6  obligation to indemnify W.L. Butler for damages awarded for property damage to any of

7  the subject homes that takes place after the homes were completed by Butler, asserting that

8  the Acceptance policies exclude all damages for completed operations.

9      15.    As a result, Gerling America is informed and believes, and thereon alleges,

10  that Acceptance denies any obligation to indemnify W.L. Butler for damages for property

11  damage to the subject homes involved in the *Beiting v. Butler* lawsuit and further, that

12  Acceptance refuses to participate in any settlement for such damages.

13      16.    Gerling America contends that the coverage afforded by the Acceptance

14  policies is illusory, since they do not cover damage to homes completed before the policy

15  period, and purport to exclude coverage for damage taking place after the homes were

16  completed. Further, the limiting provisions and exclusions relied upon by Acceptance are

17  found in a Broad Form Liability Endorsement to the policy which states that it consists of

18  additions and extensions of coverage, and not limitations or exclusions.

19      17.    The Acceptance policies are ambiguous and consequently, Gerling America

20  contends that the Acceptance policies do afford coverage for indemnification of damages

21  awarded against W.L. Butler for damage to the subject homes, and that Acceptance is

22  subject to the implied covenants contained in every insurance policy, including, where

23  applicable, the duty to settle covered claims.

24            **FIRST CAUSE OF ACTION**

25         (For Declaratory Relief Against Acceptance)

26      18.    Gerling America realleges and incorporates by reference herein each and

27  every allegation contained in paragraphs 1 through 17, inclusive, as though fully set forth

28  at length herein.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HB99 0000001
3364253.2

4
Complaint

1    19.    Gerling America alleges that Acceptance has a duty indemnify W.L. Butler

2 in relation to the *Beiting v. Butler* lawsuit, including for property damage to the subject

3 homes.

4    20.    Gerling America is informed and believes, and thereon alleges, that

5 Acceptance disputes that it has a duty to indemnify W.L. Butler in relation to the *Beiting v.*

6 *Butler* lawsuit and further, that Acceptance contends to the contrary.

7    21.    An actual controversy has arisen and now exists between Gerling America

8 and Acceptance regarding the respective rights, duties and obligations of each with respect

9 to indemnification for the *Beiting v. Butler* lawsuit.

10    22.    Gerling America requests that this court judicially determine and declare the

11 rights, duties and obligations of Acceptance under its policies with respect to the duty to

12 indemnify W.L. Butler for the *Beiting v. Butler* lawsuit.

13    23.    A judicial determination is both necessary and appropriate at this time in

14 order that the Gerling America and Acceptance may ascertain their respective rights,

15 obligations and liabilities with reference to the duty to indemnify for the *Beiting v. Butler*

16 lawsuit.

17                    **SECOND CAUSE OF ACTION**

18                    (For Contribution Against Acceptance)

19    24.    Gerling America realleges and incorporates by reference herein each and

20 every allegation contained in paragraphs 1 through 23, inclusive, as though fully set forth

21 at length herein.

22    25.    As a result of the refusal by Acceptance to participate in the indemnification

23 of W.L. Butler for the *Beiting v. Butler* lawsuit, Gerling America has been or will be

24 required to pay amounts in excess of its proportionate obligation.

25    26.    Gerling America is entitled to receive from Acceptance the amounts it pays

26 or will be called upon to pay in excess of Gerling America's proportionate obligation.

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99-0000001
3364253.2

5

Complaint

## THIRD CAUSE OF ACTION

### (For Equitable Indemnification Against Acceptance)

27.    Gerling America realleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth at length herein.

28.    As a result of the refusal by Acceptance to participate in the indemnification of W.L. Butler for the *Beiting v. Butler* lawsuit, Gerling America has paid or will pay amounts for which Acceptance is primarily liable and which in good conscience and equity should be paid by Acceptance.

29.    Gerling America is entitled to indemnification from Acceptance to the extent that Gerling America pays losses for which Acceptance is primarily liable.

## PRAYER FOR RELIEF

A.    That the court determine the rights, duties, obligations and liabilities of Acceptance Insurance Company under its policies issued to W.L. Butler with regard the *Beiting v. Butler* lawsuit;

B.    For contribution from Acceptance in an amount equal to its proportionate share of liability for indemnification of the *Beiting v. Butler* lawsuit;

C.    For equitable indemnity from Acceptance for the costs of indemnifying W.L. Butler with regard to the *Beiting v. Butler* lawsuit;

D.    For costs of suit incurred herein; and

E.    For such other and further relief as the court deems just and proper.

Dated: March 17, 2008                      HAIGHT BROWN & BONESTEEL LLP

By_____
Michael J. Leahy
Christopher Kendrick
Attorneys for Plaintiff
GERLING AMERICA INSURANCE
COMPANY

LAW OFFICES
HAIGHT BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99 0000001
3364253.2

6
Complaint

2.

| | |
|---|---|
| ☒ Acceptance Insurance Company | Replacing _____ NEW |
| ☐ Acceptance Indemnity Insurance Company | CASUALTY POLICY |
| A STOCK COMPANY (herein called "the Company") | POLICY NO. D 98 CM 0642 |
| | DECLARATIONS |

NAMED INSURED
W.L. Butler, Inc.
(Refer to Endorsement No. 1) +9 +18
204 Franklin Street
MAILING ADDRESS
Redwood City, CA 94063

*RENEWED BY D99CM0741*

PRODUCERS NAME AND ADDRESS
American E & S Insurance Brokers, Inc.
101 California Street, Ste. 1125
San Francisco, CA 94111

Producer Code: 037B    Commission: 20%

POLICY PERIOD: From    03/01/98    To    03/01/99
At 12:01 A.M. Standard Time at the address of the Named Insured as stated herein.

In consideration of the payment of premium, in reliance upon the statements herein and attached hereto, and subject to all of the terms of this policy, the Company agrees with the Named Insured as follows:

The Named Insured is a Corporation.

Item I.     COVERAGE: Excess Commercial General Liability, as per form attached

Item II.    INSURED'S RETAINED LIMIT:

$25,000.   per occurrence as respects bodily injury, personal injury, property damage, advertising injury or any combination thereof

Item III.   THE COMPANY'S LIMIT OF LIABILITY:

a)  $1,000,000. per occurrence as respects bodily injury, personal injury, property damage, advertising injury or any combination thereof
b)  $1,000,000. aggregate

Item IV.    PREMIUM:  $150,000. Minimum & Deposit (Refer to Endorsement No. 2)

Item V.     ENDORSEMENTS ATTACHED AT INCEPTION:  #1-Named Insured, #2-Premium Computation, #3-Broad Form Liability Endorsement, #4-Subcontractor Warranty, #5-Subsidence Exclusion, #6-Pre-Existing Damage Exclusion, #7-Specified Exclusion, #8-California Disclosure Notice

Countersigned On: May 26, 1998

At    Marlton, NJ

By: _____
Authorized Representative

C-0001 (5/91)

E

## NUCLEAR ENERGY LIABILITY EXCLUSION

This policy does not apply:

a. Under any Liability Coverage, to bodily injury or property damage:

   (1) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

   (2) resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization;

b. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization;

c. Under any Liability Coverage, to bodily injury or property damage resulting from the hazardous properties of nuclear material, if:

   (1) the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of, an insured, or (b) has been discharged or dispersed therefrom;

   (2) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

   (3) the bodily injury or property damage arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions, or Canada, this exclusion (3) applies only to property damage to such nuclear facility and any property thereat;

d. As used in this Exclusion:

   (1) "Hazardous properties" include radioactive, toxic, or explosive properties;

   (2) "Nuclear material" means source material, special nuclear material or byproduct material;

   (3) "Source material," "special nuclear material," and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

   (4) "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

   (5) "Waste" means any waste material (a) containing byproduct material and (b) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (6), (a) or (b) thereof;

   (6) "Nuclear facility" means: (a) any nuclear reactor; (b) any equipment or device designed or used for (i) separating the isotopes of uranium or plutonium, (ii) processing or utilizing spent fuel, or (iii) handling, processing, or packaging waste; (c) any equipment or device used for processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235; (d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste; and (e) includes the site on which any of the foregoing is located, all operations conducted on such site, and all premises used for such operations;

   (7) "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

   (8) "Property damage" includes all forms of radioactive contamination of property.

## SERVICE OF SUIT

It is agreed that in the event of the failure of the Company hereon to pay any amount claimed to be due hereunder, the Company, at the request of the Insured (or Reinsured), will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and Canada and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made upon Jere J. Duffin, Executive Vice President of Acceptance Risk Managers Inc., or his designee, and that in any suit instituted against any one of them upon this contract, the Company will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

The above-named is authorized and directed to accept service of process on behalf of the Company in any such suit and/or upon the request of the Insured (or

Reinsured) to give a written undertaking to the Insured (or Reinsured) that it or they will enter a general appearance upon the Company's behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States of America or province of Canada, which makes provision therefor, the Company hereby designates the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Insured (or Reinsured) or any beneficiary hereunder arising out of this contract of insurance (or reinsurance), and the Company hereby designates the above-named as the person to whom the said officer is authorized to mail such process or a true copy thereof.

IN WITNESS WHEREOF, the Company has caused this policy to be signed by its President and Secretary; but this policy shall not be valid unless countersigned on the declarations page by a duly authorized representative of the Company.

_Secretary_

_President_

ATTACHED TO AND FORMING A PART OF POLICY NO. D 98 CM 0642

### EXCESS COMMERCIAL GENERAL LIABILITY

In consideration of the payment of the premium, in reliance upon the statements in the Declarations made a part hereof and subject to all of the terms of this policy, the Company agrees with the Named Insured as follows:

### INSURING AGREEMENT

Coverage A - Bodily Injury Liability

Coverage B - Personal Injury Liability

Coverage C - Property Damage Liability

Coverage D - Advertising Injury Liability

The Company will indemnify the Insured, for ultimate net loss in excess of the Insured's Retained Limit hereinafter stated which the Insured shall become legally obligated to pay as damages because of:

        A.    bodily injury
        B.    personal Injury
        C.    property damage
        D.    advertising injury

to which this policy applies, caused by an occurrence within the policy territory during the policy period.

### DEFENSE, SETTLEMENT AND SUPPLEMENTARY PAYMENTS

The Company shall have the right, and be given the opportunity, to associate with the Insured in the defense and control of any claim or proceeding arising out of bodily injury, personal injury, property damage or advertising injury to which this insurance applies.   In such event, the Insured and the Company shall cooperate fully.   Should any occurrence, as evaluated by the Company, appear likely to exceed the Insured's Retained Limit, no loss expenses or legal expenses shall be incurred on behalf of the Company without its prior consent.   Should any claim arising from such occurrence be adjusted prior to trial court judgement for a total amount not more than the Retained Limit, then no loss expenses or legal expenses shall be payable by the Company.

In the event that the Insured's Retained Limit is exhausted as respects any one occurrence, the Company shall be obligated to assume charge of the settlement or defense of any claim or

Page 1 of 19 Pages

CMPA-005 (197)

S

proceeding against the Insured arising from the same occurrence, but only where this policy applies and is immediately in excess of self-insurance by the Insured without intervening insurance (excess, contingent or otherwise) with another insurer.

Should the ability exist to settle any claim for a total amount in excess of the Insured's Retained Limit, the Company shall have the right to require such settlement. Should the Insured refuse to contribute toward that settlement and require the Company to continue with trial court proceedings or appeals, then the Company will, from the date of the Insured's refusal to settle, be relieved of any obligation hereunder to pay an amount of ultimate net loss greater than the amount it would have paid if the Insured had agreed to the settlement. Further, the Company will not be obligated to pay, or contribute to, any loss expenses, legal expenses or attorneys' fees attendant to such trial court proceedings or appeals.

## THE INSURED'S RETAINED LIMIT - THE COMPANY'S LIMIT OF LIABILITY

Regardless of the number of (1) Insureds under this policy, (2) persons or organizations who sustain injury or damage, or (3) claims made or suits brought because of bodily injury, personal injury, property damage or advertising injury, the Company's liability is limited as follows:

With respect to Coverages A, B, C or D, or any combination thereof, the Company's liability shall be only for the ultimate net loss in excess of the Insured's Retained Limit (regardless of whether or not available) as specified in Item II. of the Declarations as the result of any one occurrence (such Retained Limit is warranted to be retained for the Insured's own account and uninsured), and then for an amount not exceeding the amount specified in Item III.(a) of the Declarations as the result of any one occurrence.

In no event shall the Company be liable to pay any portion of the amount specified in Item II. of the Declarations as the INSURED'S RETAINED LIMIT.

There is no limit to the number of occurrences during the policy period for which claims may be made, except that (1) the total liability of the Company arising out of either the products hazard or the completed operations hazard, or both combined, because of all occurrences during the policy period shall not exceed the amount specified in Item III.(b) of the Declarations; (2) the total liability of the Company for all damages because of all personal injury to which this coverage applies shall not exceed the amount stated in Item III.(b) of the Declarations; (3) the total liability of the Company for all damages because of all advertising injury to which this coverage applies shall not exceed the amount stated in

Page 2 of 19 Pages

CMPA-001 (7/7)

*L*

(c)  if the Named Insured is designated in the Declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(d)  any person (other than an employee of the Named Insured) or organization while acting as real estate manager for the Named Insured;

(e)  with respect to the operation, for the purpose of locomotion upon a public highway, of mobile equipment registered under any motor vehicle registration law, (i) an employee of the Named Insured while operating any such equipment in the course of his employment, and (ii) any other person while operating with the permission of the Named Insured any such equipment registered in the name of the Named Insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization; provided that no person or organization shall be an Insured under this paragraph (a) with respect to: (1) bodily injury to any fellow employee of such person injured in the course of his employment, or (2) property damage to property owned by, rented to, in charge of or occupied by the Named Insured or the employer of any person described in subparagraph (ii); and

(f)  any newly acquired or newly formed organization, other than a partnership or joint venture, over which the Named Insured maintains ownership or majority interest if there is no other similar insurance available to that organization; however:

  (1)  coverage under this provision is afforded only until the earlier of (i) the end of the policy period or (ii) the end of the ninetieth (90th) day after the organization was formed or acquired;

  (2)  Coverages A and C do not apply to bodily injury or property damage that occurred before the organization was acquired or formed; and

  (3)  Coverages B and D do not apply to personal injury or advertising injury arising out of an offense committed before the organization was acquired or formed.

This insurance does not apply to bodily injury, personal injury, property damage or advertising injury arising out of the conduct of any partnership or joint venture of which the Insured is a partner or member and which is not designated in this policy as a Named Insured.

Page 4 of 19 Pages

CMPA-005 (10/7)

0

## EXCLUSIONS

This policy does not apply:

(a)   to liability assumed by the Insured under any contract or agreement except:

(1)   an incidental contract, or

(2)   written contracts requiring indemnification of the indemnitee for all occurrences arising out of the indemnitor's operations, but this exception does not apply to:

(aa)   the liability of the indemnitee resulting from his sole negligence;

(bb)   contracts requiring indemnification of a railroad;

(cc)   (1) if the Insured is an architect, engineer or surveyor, to bodily injury or property damage arising out of professional services performed by such Insured, including (i) the opinions, reports, surveys, change orders, designs or specifications, and (ii) supervisory, inspection or engineering services; (2) if the indemnitee of the Insured is an architect, engineer or surveyor, to the liability of the indemnitee, his agents or employees, arising out of (i) the preparation or approval of maps, drawings, opinions, reports, surveys, change orders, designs or specifications, or (ii) the giving of or failure to give directions or instructions by the indemnitee, his agents or employees, provided such giving or failure to give is the primary cause of the bodily injury or property damage;

(dd)   to any obligation for which the Insured may be held liable in any action on a contract by a third party beneficiary for bodily injury or property damage arising out of a project for a public authority; but this exclusion does not apply to an action by the public authority or any other person or organization engaged in the project;

(ee)   to bodily injury or property damage arising out of construction, maintenance or repair of watercraft or the loading or unloading thereof;

(ff)   to bodily injury or property damage arising out of operations within fifty (50) feet of any railroad

Page 5 of 19 Pages

CMPA-005 (7/0)

6

property or affecting any railroad bridge or trestle, tracks, road beds, tunnel, underpass or crossing;

(gg) to bodily injury or property damage included within the completed operations hazard or the products hazard;

(hh) to property damage included within (1) the explosion hazard, (2) the collapse hazard, or (3) the underground property hazard;

(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any automobile or aircraft owned or operated by, or rented or loaned to, any Insured, or (2) any other automobile or aircraft operated by any person in the course of his employment by any Insured; but this exclusion does not apply to the parking of an automobile on premises owned by, rented to or controlled by the Named Insured or the ways immediately adjoining, if such automobile is not owned by or rented or loaned to any Insured;

(c) to bodily injury or property damage arising out of (1) the ownership, maintenance, operation, use, loading or unloading of any mobile equipment while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity, or (2) the operation or use of any snowmobile or trailer designed for use therewith;

(d) to bodily injury or property damage arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by, or rented or loaned to, any Insured;

(e) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any watercraft owned or operated by, or rented or loaned to, any Insured, or (2) any other watercraft operated by any person in the course of his employment by any Insured; but this exclusion does not apply to watercraft while ashore on premises owned by, rented to or controlled by the Named Insured;

(f) to bodily injury, personal injury, property damage or advertising injury due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing, with respect to liability assumed by the Insured under contract;

Page 6 of 19 Pages

(g) to bodily injury or property damage for which the Insured, or his indemnitee, may be held liable if such liability is imposed, (1) by reason of the selling, serving or giving of any alcoholic beverage to a minor, or to a person under the influence of alcohol, or which causes or contributes to the intoxication of any person; (2) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or (i) as a person or an organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or (ii) if not so engaged, as an owner or lessor of premises used for such purposes; but part (1) of this exclusion does not apply with respect to liability of the Insured or his indemnitee as an owner or lessor described in (ii) above;

(h) to any obligation for which the Insured, or any carrier as his insurer, may be held liable under any workers' compensation, unemployment compensation or disability benefits law, or under any similar law;

(i) to injury to:

(1) any employee of the Insured arising out of, and in the course of, employment by the Insured; or

(2) the spouse, child, parent, brother or sister of the employee as a consequence of (1) above;

this exclusion applies:

(1) whether the Insured may be liable as an employer or in any other capacity; and

(2) to any obligation to share damages with or repay someone else who must pay damages because of the injury;

(j) to property damage to (1) property owned or occupied by or rented to the Insured, (2) property used by the Insured, or (3) property in the care, custody or control of the Insured or as to which the Insured is, for any purpose, exercising physical control; but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of this exclusion does not apply with respect to property damage (other than to elevators) arising out of the use of an elevator at premises owned by, rented to or controlled by the Named Insured;

(k) to property damage to premises alienated by the Named Insured arising out of such premises or any part thereof;

Page 7 of 19 Pages

CMPA-005 (7/67)

II

(1)  to loss of use of tangible property which has not been physically injured or destroyed resulting from (1) a delay in, or lack of performance by, or on behalf of, the Named Insured of any contract or agreement, or (2) the failure of the Named Insured's products, or work performed by or on behalf of the Named Insured, to meet the level of performance, quality, fitness or durability warranted or represented by the Named Insured; but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to, or destruction of, the Named Insured's products, or work performed by or on behalf of the Named Insured, after such products or work have been put to use by any person or organization other than an Insured;

(m)  to property damage to the Named Insured's products arising out of such products or any part of such products;

(n)  to property damage to work performed by, or on behalf of, the Named Insured arising out of the work, or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(o)  to damage claimed for the withdrawal, inspection, repair, replacement or loss of use of the Named Insured's products, or work completed by or for the Named Insured, or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(p)  to personal injury arising out of the willful violation of a statute or ordinance committed by, or with the knowledge or consent of, any Insured;

(q)  to personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the Named Insured;

(r)  to personal injury arising out of any publication or utterance described in part (2) of the definition of personal injury, if the first injurious publication or utterance of the same or similar material by, or on behalf of, the Named Insured was made prior to the effective date of this insurance;

(s)  to bodily injury, personal injury, property damage or advertising injury which in any way, or to any extent, arises out of or involves asbestos, asbestos fibers or any product containing asbestos or asbestos fibers; or to any fees, costs or expenses of any nature whatsoever in connection therewith;

CMFA-00 (7/0)

12

(t)  to bodily injury, personal injury, property damage or advertising injury arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants:

(1)  at or from premises owned, rented or occupied by the Named Insured;

(2)  at or from any site or location used by or for the Named Insured or others for the handling, storage, disposal, processing or treatment of waste;

(3)  which are at any time transported, handled, stored, treated, disposed of, or processed as waste by, or for, the Named Insured or any person or organization for whom the Named Insured may be legally responsible; or

(4)  at or from any site or location on which the Named Insured, or any contractor or subcontractor working directly or indirectly on behalf of the Named Insured, is performing operations:

(a)  if the pollutants are brought on, or to, the site or location in connection with such operations; or

(b)  if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the pollutants;

(u)  to any loss, cost or expense arising out of any governmental direction or request that the Named Insured test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants;

(v)  to punitive or exemplary damages awarded against the Insured;

(w)  to advertising injury arising out of

(1)  oral or written publication of material, if done by or at the direction of the Insured with knowledge of its falsity;

(2)  oral or written publication of material whose first publication took place before the beginning of the policy period;

(3)  willfull violation of a penal statute or ordinance committed by or with the consent of the Insured;

(4)  breach of contract, other than misappropriation of advertising ideas under an implied contract;

Page 9 of 19 Pages

CMPA-005 (7/87)

13

(5)   the failure of goods, products or services to conform with advertised quality or performance;

(6)   the wrong description of the price of goods, products or services; or

(7)   an offense committed by an Insured whose business is advertising, broadcasting, publishing or telecasting;

(x)   with respect to advertising injury, to liability which the Insured has assumed under a contract or agreement, but this exclusion does not apply to liability for damages that the Insured would have in the absence of the contract or agreement.

## DEFINITIONS

When used in this policy (including endorsements forming a part hereof), the following definitions apply.

"Advertising injury" means injury arising out of oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; oral or written publication of material that violates a person's right of privacy; misappropriation of advertising ideas or style of doing business; or infringement of copyright, title or slogan.

"Automobile" means a land motor vehicle, trailer or semitrailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include mobile equipment.

"Bodily injury" means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom.

"Collapse hazard" includes "structural property damage" as defined herein and property damage to any other property at any time resulting therefrom.    "Structural property damage" means the collapse of, or structural injury to, any building or structure due to (1) grading of land, excavating, borrowing, filling, back-filling, tunnelling, pile driving, cofferdam work or caisson work, or (2) moving, shoring, underpinning, raising or demolition of any building or structure or removal or rebuilding of any structural support thereof.    The collapse hazard does not include property damage (1) arising out of operations performed for the Named Insured by independent contractors, or (2) included within the completed operations hazard or the underground property damage hazard, or (3) which liability is assumed by the Insured under an incidental contract.

Page 10 of 19 Pages

CMFA-503 (11/1)

14

"Completed operations hazard" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the Named Insured. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1)   when all operations to be performed by or on behalf of the Named Insured under the contract have been completed,

(2)   when all operations to be performed by or on behalf of the Named Insured at the site of the operations have been completed, or

(3)   when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

The completed operations hazard does not include bodily injury or property damage arising out of:

(a)   operations in connection with the transportation of property, unless the bodily injury or property damage arises out of a condition in, or on, a vehicle created by the loading or unloading thereof,

(b)   the existence of tools, uninstalled equipment or abandoned or unused materials, or

(c)   operations for which the classification stated in the policy, or in the Company's manual, specifies "including completed operations".

"Explosion hazard" includes property damage arising out of blasting or explosion. The explosion hazard does not include property damage (1) arising out of the explosion of air or steam vessels, piping under pressure, prime movers, machinery or power transmitting equipment, or (2) arising out of operations performed for the Named Insured by independent contractors, or (3) included within the completed operations hazard or the underground property damage hazard, or (4) for which liability is assumed by the Insured under an incidental contract.

Page 11 of 19 Pages

CMPA-001 (1/67)

ST

"Incidental contract" means any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) elevator maintenance agreement.

"Insured" means any person or organization qualifying as an Insured in the "Persons or Entities Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each Insured against whom claim is made or suit is brought, except with respect to the limits of "the Company's" liability.

"Mobile equipment" means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the Named Insured, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment, air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment.

"Named Insured" means the person or organization named in the Declarations of this policy, and if more than one person or organization is named in the Declarations, then the Insured named first in the Declarations has the right to act on behalf of all Insureds hereunder.

"Named Insured's products" means goods or products manufactured, sold, handled or distributed by the Named Insured or by others trading under his name, including any container thereof (other than a vehicle), but "Named Insured's products" shall not include a vending machine or any property other than such container, rented to or located for use of others, but not sold.

As respects Coverages A, C and D, "occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury, property damage or advertising injury neither expected nor intended from the standpoint of the Insured. As respects Coverage B, "occurrence" means any injury or damage sustained during the policy term by any person or organization and arising out of personal injury as defined herein.

"Personal injury" means (1) false arrest, detention or imprisonment, or malicious prosecution or, (2) the publication or

Page 12 of 19 Pages

CMPA-005 (7/80)

utterance of a libel or slander, or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy; except publications or utterances in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the Named Insured or, (3) wrongful entry or eviction, or other invasion of the right of private occupancy.

"policy territory" means

(a) the United States of America, its territories or possessions, or Canada, or

(b) international waters or air space, provided the bodily injury, personal injury, property damage or advertising injury does not occur in the course of travel or transportation to or from any other country, state or nation, or

(c) anywhere in the world with respect to damages because of bodily injury or property damage arising out of a product which was sold for use or consumption within the territory described in paragraph (a) above, provided the original suit for such damages is brought within such territory.

"Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste; waste includes materials to be recycled, reconditioned or reclaimed.

"Products hazard" includes bodily injury and property damage arising out of the Named Insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the Named Insured and after physical possession of such products has been relinquished to others.

"Property damage" means (1) physical injury to, or destruction of, tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed, provided such loss of use is caused by an occurrence during the policy period.

"Ultimate net loss" means the sum actually paid or payable in cash in the settlement or satisfaction of losses for which the Insured is liable either by adjudication or compromise with the written consent of the Company, after making proper deduction for all recoveries and salvages collectible.

As respects the Insured's Retained Limit, ultimate net loss includes all loss expenses and legal expenses (including attorneys'

Page 13 of 19 Pages

CMPA-005 (7/9)

17

fees, court costs and interest on any judgement or award) but excludes all salaries of employees and office expenses of the Insured.

As respects the Company's Limit of Liability, ultimate net loss excludes all loss expenses and legal expenses (including attorneys' fees, court costs and interest on any judgement or award) and all salaries of employees and office expenses of the Company or any underlying insurer.

"Underground property damage hazard" includes underground property damage as defined herein and property damage to any other property at any time resulting therefrom. "Underground property damage" means property damage to wires, conduits, pipes, mains, sewers, tanks, tunnels, any similar property, and any apparatus in connection therewith, beneath the surface of the ground or water, caused by, and occurring during, the use of mechanical equipment for the purpose of grading land, paving, excavating, drilling, borrowing, filling, back-filling or pile driving. The "underground property damage hazard" does not include property damage (1) arising out of operations performed for the Named Insured by independent contractors, or (2) included within the completed operations hazard, or (3) for which liability is assumed by the Insured under an incidental contract.

## CONDITIONS

1.  Premium

    The premium for this policy is stated in the Declarations.

    The Insured named first in the Declarations:

    (a) is responsible for the payment of all premiums; and

    (b) will be the payee for any premiums returned by the Company.

2.  Inspection and Audit

    The Company shall be permitted, but not obligated, to inspect the Insured's property and operations at any time. Neither the Company's right to make inspections, nor the making thereof, nor any report thereon, shall constitute an undertaking on behalf, or for the benefit, of the Named Insured or others to determine or warrant that such property or operations are safe or healthful or are in compliance with any law, rule or regulation.

    The Company may examine and audit the Named Insured's books and records at any time during the policy period, or during

Page 14 of 19 Pages

18

extensions thereof, and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

3.  Insured's Duties in the Event of Occurrence, Claim or Suit

(a)  Upon the Insured's becoming aware of any information from which a reasonable person would conclude that an incident has occurred which involves injury, damages or expenses which might possibly equal or exceed fifty percent (50%) of the Insured's Retained Limit, the Company must be given prompt, written notice of that information, regardless whether or not the Insured believes they are, or could be, held liable for such injury or damage.

(b)  Regardless of the evaluation placed upon the information referred to in Condition 3.(a) above, the Insured must give the Company prompt written notice if the case involves an injury or damage of the following type:

> Fatality
> Severe Head Injury
> Spinal Cord Injury
> Amputation
> Severe Burns
> Severe Property Damage

Should Condition 3(a) and/or 3(b) exist:

The notice which the Insured sends to the Company must contain particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances of the incident.  The names and addresses of the injured and of available witnesses must also be given by or for the Insured to the Company, or any of its authorized representatives, as soon as practicable.

If claim is made or suit is brought against the Insured, the Insured must immediately forward to the Company every demand, notice, summons or other process received by him or his representative.

The Insured must cooperate with the Company and, upon the Company's request, assist in making settlements in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the Insured because of injury or damage with respect to which insurance is afforded under this policy; and the Insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The Insured shall not, except at his own cost, voluntarily make

Page 15 of 19 Pages

CA-2A-003 (7-87)

Case 3:08-cv-02123-JL    Document 1-2    Filed 04/24/2008    Page 26 of 66

61

any payment, assume any obligation or incur any expense;
however, in the event that the amount of ultimate net loss
becomes certain, either through trial court judgement or
agreement among the Insured, the claimant and the Company,
then the Insured may pay the amount of ultimate net loss to
the claimant to effect settlement and, upon submission of due
proof thereof, the Company shall indemnify the Insured for
that part of such payment which is in excess of the Retained
Limit, or the Company will, upon request of the Insured, make
such payment to the claimant on behalf of the Insured.

4.   Appeals

In the event of a judgement in excess of the Insured's
Retained Limit, if the Insured elects not to appeal the
judgement, the Company may elect to do so at its own expense
and shall be liable for the taxable costs, disbursements and
interest incidental thereto, but in no event shall the
liability of the Company for ultimate net loss exceed the
amount specified in the Limits of Liability section in the
Declarations of this policy plus the taxable costs,
disbursements and interest incidental to such appeal.
However, should the appeal by the Company result in a
reduction of the judgement to an amount less than the
Insured's Retained Limit, then the Insured shall reimburse the
Company for all expenses, taxes, costs and interests incident
to the appeal.

5.   Action Against the Company

No actions shall lie against the Company unless, as a
condition precedent thereto, the Insured shall have fully
complied with all the terms of this policy, nor until the
amount of the Insured's obligation to pay an amount of
ultimate net loss in excess of the Retained Limit shall have
been finally determined, either by judgement against the
Insured after actual trial or by written agreement of the
Insured, the claimant and the Company. The Insured shall make
a definite claim for any loss in which the Company may be
liable within a reasonable time after such final
determination. If any subsequent payments are made by the
Insured on account of the same occurrence, the Insured shall
make additional claims from time to time, and these claims
shall be payable within thirty (30) days after proof in
conformity with this policy. Any person or organization, or
the legal representative thereto, who has secured such
judgement or written agreement shall thereafter be entitled to
recover under this policy to the extent of the insurance
afforded by this policy. Nothing contained in this policy
shall give any person or organization any right to join the

CMPA-803 (7/87)

MAR.21.2001  10:45AM    SPECIAL ACCTS MGRS 856 988 0399        NO.757    P.19/40

20

Company as a co-defendant in any action against the Insured to determine the Insured's liability.

Bankruptcy or insolvency of the Insured shall not relieve the Company of any of its obligations hereunder.

6.    Other Insurance With the Company

If collectible insurance under any other policy of the Company is available to the Insured, covering a loss also covered hereunder, the Company's total liability shall in no event exceed the greater or greatest limit of liability applicable to such loss under this or any other such policy provided; however, this does not apply to insurance with the Company which is written as underlying insurance or which is written as excess insurance over the limit provided in this policy.

7.    Other Insurance Not With the Company

If collectible insurance with any other insurer is available to the Insured covering a loss also covered hereunder, the insurance hereunder shall be in excess of, and not contribute with, such other insurance; provided, however, this does not apply to insurance which is written as excess insurance over the limit provided in this policy.

8.    Subrogation

In the event of any payment under this policy, the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization, and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Any amount so recovered shall be apportioned so that any interest (including the Insured's) having paid an amount in excess of the Retained Limit plus the limit of liability hereunder shall be reimbursed first to the extent of actual payment. The Company shall be reimbursed next to the extent of its actual payment hereunder. If any balance then remains unpaid, it shall be applied to reimburse the Insured or any underlying insurer, as their interest may appear. The expenses of all such recovery proceedings shall be apportioned in the ratio of respective recoveries. If there is no recovery in proceedings conducted solely by the Company, it shall bear the expenses thereof.

9.    Changes

Notice to, or knowledge possessed by, any representative of the Company, or by any other person, shall not effect a waiver or a change in any part of this policy or estop the Company

CMPA-005 (7/97)

Page 17 of 19 Pages

21

from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy. Any such endorsement will be sent to the Insured named first in the Declarations as valid and authorized recipient for all Insureds.

10.   Assignment

Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon; if, however, the Named Insured shall die, such insurance as is afforded by this policy shall apply (1) to the Named Insured's legal representative as the Named Insured, but only while acting within the scope of his duties as such, and (2) with respect to the property of the Named Insured, to the person having proper temporary custody thereof, as Insured, but only until the appointment and qualification of the legal representative.

11.   Multi-Year Policy

If this policy is issued for a period of two or more years, any limit of the Company's liability stated in this policy as aggregate shall apply separately to each consecutive annual period thereof.

12.   Cancellation

The Insured named first in the Declarations may cancel this policy by mailing or delivering to the Company, or to the Company's authorized representative, advance written notice of cancellation.

This policy may be canceled by the Company by mailing or delivering to the Insured named first in the Declarations, as valid and authorized representative of all Insureds, a written notice of cancellation at least:

(a)   ten (10) days before the effective date of cancellation if the Company cancels for non-payment of premium; or

(b)   thirty (30) days before the effective date of cancellation if the Company cancels for any other reason.

The Company will mail or deliver the notice of cancellation to the address shown in the Declarations. This notice of cancellation will state the effective date of the cancellation, and the policy period will end on that date. If the notice of cancellation is mailed, proof of mailing will be sufficient proof of notice.

Page 18 of 19 Pages

CMPA-003 (7/97)

22

If this policy is canceled, the Company will send to the Insured named first in the Declarations any premium refund due. If the Company cancels, the refund will be pro rata. If the Insured named first in the Declarations cancels, the refund may be less than pro rata; however, in no event shall the Company retain less than $37,500, due to such cancellation by the Insured. A cancellation of this policy shall be effective even if the Company has not made or offered a refund.

13. Declarations

By acceptance of this policy, the Named Insured agrees that the statements in the Declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations, and that this policy embodies all agreements existing between the Named Insured and the Company, or any of its representatives, relating to this insurance.

Page 19 of 19 Pages

23

| INSURING COMPANY | Acceptance Insurance Company | ENDORSEMENT |
|---|---|---|
| | *(herein called "the Company")* | NO. ___1___ TO POLICY NO. ___D 98 CM 0642___ |
| | | EFFECTIVE DATE ___03/01/98___ |
| NAMED INSURED | W. L. Butler, Inc. | NAMED INSURED |

It is understood and agreed that the Named Insured as shown on the Declarations page is completed as follows:

1. William & Kathryn Butler, Individually

2. Vukovic Development Company, A California General Partnership

3. Starhill Development Co., A California General Partnership

4. Vukovic Retail Partners, A Limited Partnership of Vukovic Development Company, A General Partnership

5. Starhill Corporation, Ridgeview Homes, Inc.; a Limited Partnership

6. Vukovic Retail Partners II, A California Limited Partnership

7. Franklin/Monroe Corporation & Laurel Glen Terrace, A Limited Partnership

8. Millbrae Partners, A Limited Partnership of Vukovic Development Co., General Partner

9. Franklin Monroe Corporation, A California Corporation

10. Vukovic Development Co., & Alms Co.    *See endt 14*

11. B.K. Los Altos I, LLC

*12* ⟩ *See Endt # 9*
*↓*
*17*

*18 See Endt # 11*
*18 - See Endt # 11 + 12*

BY: _____

Authorized Representative

From: JANNEY & JANNEY COURT SERVICES 213 413 8024          03/18/2008 12:24    #817 P.034/051

24

| INSURING COMPANY | Acceptance Insurance Company | ENDORSEMENT |
|---|---|---|
| | (herein called "the Company") | NO. __2__ TO POLICY NO. __D 98 CM 0642__ |
| | | EFFECTIVE DATE __03/01/98__ |
| NAMED INSURED | W. L. Butler, Inc. | PREMIUM COMPUTATION |

A - The premium for this policy shall be based upon the receipts of the Insured during the policy period from all operations. Upon expiration of the policy period, or if sooner terminated, the actual amount of receipts during such period shall be exhibited to the Company as provided in Condition 2 hereof, and the earned premium shall be computed thereon at the rate stipulated below. Such earned premium shall immediately become due and payable to the Company. The advance premium is based upon the estimated receipts for the period as stated herein. If the earned premium thus computed is more than the advance premium paid, the Named Insured shall immediately pay the excess to the Company; if less, the Company shall return to the Named Insured the unearned portion but the Company shall retain the applicable minimum premium stated below.

B - When used as a premium basis, receipts means the gross amount of money charged by the Named Insured for such operations by the Named Insured or by others during the policy period as are rated on a receipts basis other than receipts from telecasting, broadcasting or motion pictures and includes taxes, other than taxes which the Named Insured collects as a separate item and remits directly to a governmental division.

C - PREMIUM COMPUTATION

| Estimated Receipts | Rate per $1000 Receipts | Premium |
|---|---|---|
| $15,000,000. | $10.00 | $150,000. |

Minimum Premium for the Full Policy Period $150,000.

In the event of cancellation by the Named Insured, the Company shall receive and retain the greater of:

1. $37,500.; or
2. the Minimum Premium for the Full Policy Period minus 90% of the pro-rata unearned calculation of the Minimum Premium for the Full Policy Period; or
3. the earned premium (computed from the actual amount of Receipts for the period times the rate stipulated above).

D - AUDIT PERIOD - Annual

CM043 (rev. 4/96)

BY: _____
                              Authorized Representative

G-0000-0 (6/1)

MAR.21.2001  10:58AM    SPECIAL ACCTS MGRS 856 988 0399    —NO.757    P.24/40

25

| INSURING COMPANY Acceptance Insurance Company | ENDORSEMENT |
|---|---|
| *(herein called "the Company")* | NO.____3____TO POLICY NO. _D 98 CM 0642_ |
| | EFFECTIVE DATE ___03/01/98___ |
| NAMED INSURED _W. L. Butler, Inc._ | BROAD FORM LIABILITY ENDORSEMENT |

Such insurance as is afforded by the policy for Commercial General Liability is amended to include the following additions and extensions of coverage:

**I.   ADDITIONAL INSURED – EMPLOYEES**

The "Persons Insured" provision is amended to include any employee of the Named Insured while acting within the scope of his duties as such but the insurance afforded to such employee does not apply:

1.   to bodily injury to (a) another employee of the Named Insured arising out of or in the course of his employment or (b) the Named Insured or, if the Named Insured is a partnership or joint venture, any partner or member thereof;

2.   to property damage to property owned, occupied or used by, rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by (a) another employee of the Named Insured or (b) the Named Insured or, if the Named Insured is a partnership or joint venture, any partner or member thereof;

3.   to injury to which incidental Malpractice Coverage, Section VI. of this endorsement, applies.

**II.   BROAD FORM PROPERTY DAMAGE (Including Completed Operations)**

It is agreed that the insurance for property damage liability applies, subject to the following additional provisions:

A.   The exclusions relating to property damage to (1) property owned, occupied or used by or rented to the Insured or in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control and (2) work performed by, or on behalf of, the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith, are replaced by the following exclusions (y) and (z):

(y)   to property damage

(1)   to property owned or occupied by or rented or leased to the Insured, or except with respect to the use of elevators, to property held by the Insured for sale or entrusted to the Insured for storage or safekeeping,

C-0009 (Rev. 12/93)

**PAGE 1 OF 4 PAGES**

26

    (2) except with respect to liability under a written sidetrack agreement or the use of elevators to

        (a) property while on premises owned by or rented to the Insured for the purpose of having operations performed on such property by or on behalf of the Insured,

        (b) tools or equipment while being used by the Insured in performing his operations,

        (c) property in the custody of the Insured which is to be installed, erected or used in construction by the Insured,

        (d) that particular part of any property, not on premises owned by or rented to the Insured,

           (i) upon which operations are being performed by or on behalf of the Insured at the time of the property damage arising out of such operations, or

           (ii) out of which any property damage arises, or

           (iii) the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the Insured;

    (z) with respect to the completed operations hazard, to property damage to work performed by, or on behalf of, the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.

B.   The insurance afforded hereby shall be excess insurance over any valid and collectable property insurance (including any deductible portion thereof) available to the Insured, such as but not limited to Fire and Extended coverage, Builder's Risk Coverage or Installation Risk Coverage, and the "Other Insurance" Condition is amended accordingly.

## III. WATERCRAFT NON-OWNERSHIP (UNDER 33 FEET IN LENGTH)

It is agreed that the policy exclusion relating to the ownership, maintenance, operation, use, loading or unloading of watercraft shall not apply to any watercraft under 33 feet in length provided such watercraft is not owned by the Named Insured and is not being used to carry persons for a charge.

The insurance afforded hereby shall be excess insurance over any other valid and collectible insurance available to the Insured.

## IV. WORLDWIDE PRODUCTS LIABILITY (Claims or Suits Brought Within the USA or Canada)

It is hereby understood and agreed that item (c) of the definition of "policy territory" is amended to read as follows:

"anywhere in the world with respect to damages because of bodily injury or property damage arising out of the Named Insured's product, provided the original suit for such damages is brought within the United States of America, its territories or possessions, or Canada."

---

BROAD FORM LIABILITY ENDORSEMENT

C-0008 (Rev. 12/80)

PAGE 2 OF 4 PAGES

27.

## V. AUTOMATIC COVERAGE - NEWLY ACQUIRED ENTITIES (90 DAYS)

The word Insured shall include any entity which is acquired or formed after the effective date of this endorsement by any Named Insured and over which such Named Insured maintains ownership or financial control, provided this insurance does not apply to bodily injury or property damage with respect to which such a new Insured under this policy is also an Insured under any other liability or indemnity policy or would be an Insured under any such policy but for exhaustion of its limits of liability. The insurance afforded hereby shall terminate 90 days from the date any such entity is acquired or formed by such Named Insured unless this policy is endorsed to include such new Insured as a Named Insured effective as of the date of such acquisition.

## VI. INCIDENTAL MALPRACTICE COVERAGE

It is agreed that the definition of "bodily injury" is amended to include Incidental Medical Malpractice Injury.

Incidental Medical Malpractice Injury means injury arising out of the rendering of or failure to render during the policy period, the following services:

(a)  medical, surgical, dental, x-ray or nursing service or treatment or the furnishing of food or beverages in connection therewith; or

(b)  the furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances.

This coverage does not apply to:

(1)  expenses incurred by the Insured for first-aid to others at the time of an accident and the "Supplementary Payments" provision and the "Insured's Duties in the Event of Occurrence, Claim or Suit" condition are amended accordingly;

(2)  any insured engaged in the business or occupation of providing any of the services described under (a) and (b) above;

(3)  injury caused by any indemnitee if such indemnitee is engaged in the business or occupation of providing any of the services described under (a) and (b) above.

## VII. HOST LIQUOR LIABILITY

The exclusion contained in the policy with respect to the manufacturing, distributing, selling or serving alcoholic beverages does not apply to bodily injury or property damage arising out of serving or giving of alcoholic beverages by or on behalf of the Named Insured provided the Named Insured is not a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or is not an owner or lessor of premises used for such purposes.

## VIII. EXTENDED BODILY INJURY COVERAGE

The definition of occurrence includes any intentional act by or at the direction of the Insured which results in bodily injury, if such injury arises solely from the use of reasonable force for the purpose of protecting persons or property.

G-0003 (Rev. 12/83)

BROAD FORM LIABILITY ENDORSEMENT

PAGE 3 of 4 PAGES

28

## IX. FIRE LEGAL LIABILITY COVERAGE – REAL PROPERTY

The insurance for property damage liability applies to property damage to structures or portions thereof rented to or occupied by the Named Insured, including fixtures permanently attached thereto, if such property damage arises out of fire subject to the following additional provisions.

(A) With respect to the insurance provided by these provisions, all of the exclusions of the policy, other than the Nuclear Energy Liability Exclusion (Broad Form), are deleted and replaced by the following:

(1) This insurance does not apply to liability assumed by the Insured under any contract or agreement.

(B) The limit of property damage liability in the declarations of the policy as applicable to "each occurrence" is, as respects this Fire Legal Liability Coverage – Real Property, amended to read $50,000, each occurrence.

(C) The insurance afforded hereby shall be excess insurance over any valid and collectible property insurance (including any deductible portion thereof) available to the Insured, such as, but not limited to, Fire, Extended Coverage, Builder's Risk Coverage or Installation Risk Coverage, and the "Other Insurance" Condition of the policy is amended accordingly.

Case 3:08-cv-02123-JL    Document 1-2    Filed 04/24/2008    Page 36 of 66

29

| INSURING COMPANY  Acceptance Insurance Company (herein called "the Company") | ENDORSEMENT |
|---|---|
| | NO. ___4___ TO POLICY NO. ___D 98 CM 0642___ |
| | EFFECTIVE DATE ___03/01/98___ |
| NAMED INSURED ___W. L. Butler, Inc.___ | SUBCONTRACTOR WARRANTY |

It is warranted that all subcontractors must evidence Commercial/Comprehensive General Liability Insurance Coverage at a minimum limit of $1,000,000.; name the Insured, W.L. Butler, Inc., as an additional insured on their respective General Liability Insurance Policy; hold the Insured, W.L. Butler, Inc., harmless for all injury or damage arising out of their (the subcontractor's) operations.

CM071

BY: _____
          Authorized Representative

C-0007 (4/91)

30

| INSURING COMPANY | Acceptance Insurance Company | ENDORSEMENT |
|---|---|---|
| | (herein called "the Company") | NO. ___5___ TO POLICY NO. ____ D 98 CM 0642 |
| | | EFFECTIVE DATE ____ 03/01/98 |
| NAMED INSURED | W. L. Butler, Inc. | SUBSIDENCE EXCLUSION |

It is understood and agreed that this policy does not apply to any liability for bodily injury or property damage caused by, resulting from, attributable or contributed to, or aggravated by the subsidence of land as a result of landslide, mudflow, earth sinking or shifting, resulting from operations of the Named Insured or any subcontractor of the Named Insured.

The Company shall have no duty to investigate or defend any claim or suit arising out of the subsidence of ground, nor shall the Company have any duty to pay the expenses incurred by the Insured for such investigation or defense.

BY: _____
Authorized Representative

CM031

G-0097 (8/91)

ᴸᴸ

| INSURING COMPANY  Acceptance Insurance Company | ENDORSEMENT |
|---|---|
| [herein called "the Company"] | NO. ____6____ TO POLICY NO. ___D 98 CM 0642___ |
|  | EFFECTIVE DATE ____03/01/98____ |
| NAMED INSURED  W. L. Butler, Inc. | PRE-EXISTING DAMAGE EXCLUSION |

This insurance does not apply to:

1.   Any damages arising out of or related to "bodily injury" or "property damage" and

    (a)   which first occurred prior to the inception date of this policy or the retroactive date of this policy, if any; or

    (b)   which is, or is alleged to be, in the process of occurring as of the inception date of this policy or the retroactive date of this policy, if any, even if the "occurrence" continues during this policy period.

2.   Any damages arising out of or related to "bodily injury" or "property damage" which are in the process of settlement, adjustment or "suit" as of the inception date of this policy, or the retroactive date of this policy, if any.

We shall have no duty to defend any insured against any loss, claim, "suit", or other proceeding alleging damages arising out of or related to "bodily injury" or "property damage" to which this endorsement applies.

Note:   If the policy provides Personal Injury Liability or Advertising Injury Liability Coverages, the words "personal injury" or "advertising injury" shall be included in the foregoing.

CM067 (rev. 12/97)

BY: _____

Authorized Representative

From: JARVEY & JARVEY COURT SERVICES   213 413 8024        03/19 '08 12:25    #517 P.043/051

32

| INSURING COMPANY **Acceptance Insurance Company** (herein called "the Company") | ENDORSEMENT |
|---|---|
| | NO. ___7___ TO POLICY NO. ___D 98 CM 0642___ |
| | EFFECTIVE DATE ___03/01/98___ |
| NAMED INSURED **W. L. Butler, Inc.** | SPECIFIED EXCLUSION |

It is understood and agreed that the coverage provided by this policy does not apply to losses arising out of the following entities:

W.L. Butler Construction

It is further agreed that we will have no duty to investigate or defend any claim or suit against you arising out of these entities, nor will we have any duty to pay the expenses incurred by you for such investigation or defense.

BY: _____
Authorized Representative

C-0007 (6/91)

33

| INSURING COMPANY  Acceptance Insurance Company | ENDORSEMENT |
|---|---|
| (herein called "the Company") | NO. __8__ TO POLICY NO. __D 98 CM 0642__ |
| | EFFECTIVE DATE __03/01/98__ |
| NAMED INSURED  W. L. Butler, Inc. | **CALIFORNIA DISCLOSURE NOTICE** |

### "NOTICE:

1.   THE INSURANCE POLICY THAT YOU HAVE PURCHASED IS BEING ISSUED BY AN INSURER THAT IS NOT LICENSED BY THE STATE OF CALIFORNIA. THESE COMPANIES ARE CALLED "NONADMITTED" "SURPLUS LINES" INSURERS.

2.   THE INSURER IS NOT SUBJECT TO THE FINANCIAL SOLVENCY REGULATION AND ENFORCEMENT WHICH APPLIES TO CALIFORNIA LICENSED INSURERS.

3.   THE INSURER DOES NOT PARTICIPATE IN ANY OF THE INSURANCE GUARANTEE FUNDS CREATED BY CALIFORNIA LAW. THEREFORE, THESE FUNDS WILL NOT PAY YOUR CLAIMS OR PROTECT YOUR ASSETS IF THE INSURER BECOMES INSOLVENT AND IS UNABLE TO MAKE PAYMENTS AS PROMISED.

4.   FOR ADDITIONAL INFORMATION ABOUT THE INSURER YOU SHOULD ASK QUESTIONS OF YOUR BROKER OR YOU MAY CONTACT CALIFORNIA DEPARTMENT OF INSURANCE AT THE FOLLOWING TOLL-FREE TELEPHONE NUMBER 1-800-927-4357.

CM06B (2/97)

BY: _____
Authorized Representative

34

| INSURING COMPANY | Acceptance Insurance Company | ENDORSEMENT |
|---|---|---|
| | (herein called "the Company") | NO. 9  TO POLICY NO. D 98 CM 0642 |
| | | EFFECTIVE DATE 03/01/98 |
| NAMED INSURED | W.L. Butler, Inc. | AMENDMENT TO THE NAMED INSURED |

In consideration of the premium charged, it is understood and agreed that Endorsement No. 1, NAMED INSURED, is amended to include the following:

    12. Starhill Corporation
    13. Vukovic Development and Rick Cordes
    14. Stellar Homes, Inc.
    15. Stellar-Compass Place, Inc.
    16. Butler-Stellar Corporation, A Joint Venture
    17. Chamberlain Nielsen Ranch, LLC

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

Date of Issuance: 8/03/98

BY: _____

From:JANNEY & JANNEY COURT SERVICES    213 413 8024    03/1   08 12:25    #517 P.046/051

35

| INSURING COMPANY **Acceptance Insurance Company** | ENDORSEMENT |
|---|---|
| (herein called "the Company") | NO. **10** TO POLICY NO. **D 98 CM 0642** |
| | EFFECTIVE DATE **03/01/98** |

| NAMED INSURED  W.L. Butler, Inc. | ADDITIONAL INSURED—OWNERS, LESSEES OR CONTRACTORS—SCHEDULED PERSON OR ORGANIZATION |
|---|---|

In consideration of the premium charged, it is understood and agreed that the "Persons Insured" provision is amended to include as an Insured the person or organization named below but only with respect to liability arising out of the ongoing operations performed for such Insured by the Named Insured.

<u>Name of Person or Organization</u>

As on file with the Company

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

Date of Issuance: 9/09/98

BY: _____

C-0007 (6-91)

─── 0b/SE. q──┘ LSL'ON ──── ── ──  6EE0 886 9S8 SЯOW ℲℲIJ∃dS    W∀ES:0I  I00Z 'IZ'Я∀W

9E

| INSURING COMPANY | Acceptance Insurance Company | ENDORSEMENT |
|---|---|---|
| | (herein called "the Company") | NO. ___11___ TO POLICY NO. __D 98 CM 0642__ |
| | | EFFECTIVE DATE ___04/01/98___ |
| NAMED INSURED | W.L. Butler, Inc. | ADDITIONAL NAMED INSURED |

In consideration of the premium charged, it is understood and
agreed that Endorsement No. 1, NAMED INSURED, is amended to include
the following:

       18.  B.K. Palo Alto I, LLC

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Date of Issuance:  March 31, 1999

BY: _____
                  Authorized Representative

C-0007 (9/91)

37

| INSURING COMPANY | Acceptance Insurance Company | ENDORSEMENT | |
|---|---|---|---|
| | (herein called "The Company") | NO. ___12___ TO POLICY NO. ___D 98 CM 0642___ | |
| | | EFFECTIVE DATE ___01/11/99___ | |
| NAMED INSURED | W.L. Butler, Inc. | DELETION OF NAMED INSURED | |

In consideration of the premium charged, it is understood and agreed that the following Named Insured is deleted:

B.K. Palo Alto I, LLC

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Date of Issuance:   March 31, 1999

BY: _____
          Authorized Representative

From CARNE & BARNEY COURT SERVICES   213 413 8024                03/1.  J08 12:26    #517 P.049/051

3E

| INSURING COMPANY | Acceptance Insurance Company | ENDORSEMENT |
|---|---|---|
| | *herein called "the Company"* | NO. ___13___  TO POLICY NO. ___ D 98 CM 0642 |
| | | EFFECTIVE DATE ___Various___ |
| NAMED INSURED | W.L. Butler, Inc. | ADDITIONAL NAMED INSURED |

In consideration of the premium charged, it is understood and agreed that Endorsement No. 1, NAMED INSURED, is amended to include the following:

Effective 03/01/98:

Butler Chamberlain-Neilsen Ranch

Effective 09/01/98:

FSP Kirkwood Properties, LLC

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

Date of Issuance:  April 08, 1999

BY: _____

*Authorized Representative*

From:JANNEY & JANNEY COUR    RVICES   213 413 8024         03/1   J08 12:26   #517 P.050/051

39

| INSURING COMPANY | Acceptance Insurance Company | ENDORSEMENT |
|---|---|---|
| | (herein called "the Company") | NO. 14   TO POLICY NO. D 98 CM 0642 |
| | | EFFECTIVE DATE 03/01/98 |
| NAMED INSURED | W.L. Butler, Inc. | AMENDMENT TO THE NAMED INSURED |

In consideration of the premium charged, it is understood and agreed that Endorsement No. 1, NAMED INSURED, is amended to read as follows:

10.   Vukovic Development Co. & Alms Co.,
      DBA: Moffett Central L.P. A California Limited
      Partnership

in lieu of

10.   Vukovic Development Co., & Alms Co.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

Date of Issuance: April 28, 1998

BY: _____
Authorized Representative

From SANNEY & SANNEY COUR     RVICES    213 413 8024           03/1_ _008 12:26    #517 P.051/051

40

| INSURING COMPANY Acceptance Insurance Company | ENDORSEMENT |
| (Herein called "the Company") | NO. 15   TO POLICY NO.   D 98 CM 0642 |
| | EFFECTIVE DATE    03/01/99 |
| NAMED INSURED   W. L. Butler, Inc. | AUDIT |

In consideration of the premium charged, it is understood and agreed that the audit for this policy has been performed and that Minimum and Deposit Premium applies.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

Date of Issuance: June 25, 1999

BY: _____

Authorized Representative

# EXHIBIT "B"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ACCEPTANCE INSURANCE COMPANY, a corporation, and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GERLING AMERICA INSURANCE COMPANY, *a corporation*

**FILED**
**SAN MATEO COUNTY**

MAR 1 8 2008

Clerk of the Superior Court
by _____
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

SAN MATEO SUPERIOR COURT
400 County Center
Redwood City, CA 94063-1655

Main Courthouse

**CASE NUMBER:** *(Número del Caso):* CIV 471277

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Leahy (Bar No. 82247)/ Christopher Kendrick (162869)   310-215-7100       Fax: 310-215-7300
HAIGHT, BROWN & BONESTEEL
6080 Center Drive, Suite 800
Los Angeles, CA 90045-1574

DATE:
*(Fecha)* MAR 1 8 2008   JOHN C. FITTON   Clerk, by _____, Deputy
*(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | American LegalNet, Inc. |
| SUM-100 [Rev. January 1, 2004] | www.USCourtForms.com |

**SUMMONS**

**EXHIBIT "C"**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael Leahy (Bar #82247); Christopher Kendrick (Bar #162869 | |

Haight, Brown & Bonesteel
6080 Center Drive, Suite 800
Los Angeles, CA 90045-1574
TELEPHONE NO.: 310-215-7100    FAX NO.: 310-215-7300
ATTORNEY FOR (Name): Plaintiff Gerling America Insurance Company

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN MATEO**
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 90463-1565
BRANCH NAME: Main Courthouse

CASE NAME: Gerling America Insurance Company v. Acceptance Insurance Co.

**RECEIVED**

MAR 18 2008

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: **CIV 471277** |
|---|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☒ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☐ monetary b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action (specify): 3

5. This case ☐ is ☒ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 17, 2008

Christopher Kendrick, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use  Judicial Council of California  CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;  Cal. Standards of Judicial Administration, std. 3.10  www.courtinfo.ca.gov |
|---|---|---|

FILE BY FAX

# EXHIBIT "D"

# NOTICE OF CASE MANAGEMENT CONFERENCE

*Gerling Insurance*

**FILED**
**SAN MATEO COUNTY**

MAR 18 2008

Clerk of the Superior Court

by _____
DEPUTY CLERK

vs.

*Acceptance Insurance*

Case No. **CIV 471277**

Date: _____ **JUL 3 1 2008**

Time: 9:00 a.m.

Dept. 3 – on Tuesday & Thursday

Dept. 28 – on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of filing the complaint (CRC 201.7).

   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

   c. File and serve a completed Case Management Statement at least 15 days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

   d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30 days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of case management conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10 days prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

   a. Referring parties to voluntary ADR and setting an ADR completion date;

   b. Dismissing or severing claims or parties;

   c. Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

**EXHIBIT "E"**

1  Michael J. Leahy (Bar No. 82247)
   Christopher Kendrick (Bar No. 162869)
2  HAIGHT BROWN & BONESTEEL LLP
   6080 Center Drive, Suite 800
3  Los Angeles, CA 90045-1574
   Telephone:  310.215.7100
4  Facsimile:  310.215.7300

5  Attorneys for Plaintiff
   GERLING AMERICA INSURANCE COMPANY
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN MATEO

10

11  GERLING AMERICA INSURANCE          )   Case No. CIV 471277
    COMPANY, a corporation,            )
12                                     )
              Plaintiff,               )
13                                     )   **PROOF OF SERVICE AND**
          v.                           )   **AFFIDAVIT OF COMPLIANCE**
14                                     )   **(INSURANCE CODE § 12931)**
    ACCEPTANCE INSURANCE               )
15  COMPANY, a corporation; and DOES 1 to )
    100, inclusive,                    )
16                                     )
              Defendants.              )
17  _____ )

18        TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

19  PLEASE TAKE NOTICE that plaintiff Gerling America Insurance Company has served

20  its summons and complaint upon the California Insurance Commissioner and upon the

21  defendant pursuant to *California Insurance Code* § 12931.

22  Dated: April 5, 2008              HAIGHT BROWN & BONESTEEL LLP

23

24                                    By _____

25                                       Michael J. Leahy
                                         Christopher Kendrick
26                                       Attorneys for Plaintiff GERLING
                                         AMERICA INSURANCE COMPANY

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99-0000001
3372574.1

1

Proof of Service and Affidavit of Compliance
(Insurance Code § 12931)

## DECLARATION OF CHRISTOPHER KENDRICK

I, Christopher Kendrick, declare as follows:

1.     I am an attorney at the law firm of Haight, Brown & Bonesteel, L.L.P., counsel of record for Gerling America Insurance Company in the above-captioned action. I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.     On March 25, 2008 I served the summons and complaint in the instant matter upon the Insurance Commissioner as provided in *Insurance Code* § 12931. A copy of my letter of transmittal is attached hereto and labeled Exhibit "A".

3.     Within 10 days thereafter, I gave notice of said service and provided copies to the defendant at its last known principle place of business as provided in *Insurance Code* § 12931(d). A copy of the notice is attached hereto and labeled Exhibit "B".

4.     A copy of the certified mail receipt from the Postal Service for said notice and transmittal to the defendant is attached hereto and labeled Exhibit "C".

5.     I have complied with all requirements for service of process on the defendant as required by *Insurance Code* § 12931.

Executed on April 5, 2008, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Christopher Kendrick

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99-0000001
3372574.1

2

Proof of Service and Affidavit of Compliance
(Insurance Code § 12931)

**EXHIBIT  A**

**Haight Brown & Bonesteel LLP**

LAWYERS

6080 Center Drive
Suite 800
Los Angeles, CA
90045-1574

P.O. Box 45068
Los Angeles, CA
90045-0068

*tel:*  310.215.7100
*fax:*  310.215.7300

www.hbblaw.com

Christopher Kendrick
*direct:*  (310) 215-7100

March 25, 2008

Darrel Woo
California Department of Insurance
300 Capitol Mall, 17th Floor
Sacramento, CA 95814

   Re: *Gerling America Ins. Co. v. Acceptance Ins. Co.*
     San Mateo Superior Court No. CIV 471277

Dear Mr. Woo:

Haight, Brown & Bonesteel represents Gerling America Insurance Company, plaintiff in the above matter.  Defendant Acceptance Insurance Company is an eligible surplus lines insurer in the State of California.  Policies of Acceptance insurance were obtained by Gerling's mutual insured, W.L. Butler, Inc., a California corporation.  The Acceptance policies designate an agent for service of process however, that entity, formerly located in the State of New Jersey, could not be contacted and no longer appears to exist.  Further, Acceptance has declined to authorize its California counsel to accept service of summons.  Accordingly, service is being made on the Insurance Commissioner pursuant to *Insurance Code* § 12931.

Please feel free to contact the undersigned with any questions you may have.

     Very truly yours,

     Christopher Kendrick
     Haight Brown & Bonesteel LLP

CK
Enclosures

HD99-0000001
3367770.1

LOS ANGELES  •  SAN FRANCISCO  •  ORANGE COUNTY  •  SAN DIEGO  •  RIVERSIDE

**EXHIBIT  B**

1 │ Michael J. Leahy (Bar No. 82247)
  │ Christopher Kendrick (Bar No. 162869)
2 │ HAIGHT BROWN & BONESTEEL LLP
  │ 6080 Center Drive, Suite 800
3 │ Los Angeles, CA 90045-1574
  │ Telephone: 310.215.7100
4 │ Facsimile: 310.215.7300

5 │ Attorneys for Plaintiff
  │ GERLING AMERICA INSURANCE COMPANY

6

7

8 │ SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 │ FOR THE COUNTY OF SAN MATEO

10

11 │ GERLING AMERICA INSURANCE          ) Case No. CIV 471277
   │ COMPANY, a corporation,            )
12 │                                    )
   │           Plaintiff,               )
13 │                                    ) NOTICE OF SERVICE ON
   │      v.                            ) INSURANCE COMMISSIONER
14 │                                    ) (INSURANCE CODE § 12931)
   │ ACCEPTANCE INSURANCE               )
15 │ COMPANY, a corporation; and DOES 1 to )
   │ 100, inclusive,                    )
16 │                                    )
   │           Defendants.              )
17 │ _____)

18 │      TO DEFENDANT ACCEPTANCE INSURANCE COMPANY AND TO ITS

19 │ ATTORNEYS OF RECORD:

20 │      PLEASE TAKE NOTICE that plaintiff Gerling America Insurance Company has

21 │ served its summons and complaint upon the California Insurance Commissioner pursuant

22 │ to *California Insurance Code* § 12931.  A true and correct copy of said process is attached

23 │ hereto and labeled Exhibit "A".

24 │ Dated:  March 26, 2008          HAIGHT BROWN & BONESTEEL LLP

25

26 │                                 By: _____
27 │                                    Michael J. Leahy
   │                                    Christopher Kendrick
   │                                    Attorneys for Plaintiff GERLING
28 │                                    AMERICA INSURANCE COMPANY

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99-0000001
3368970.1

1

Notice of Service

## PROOF OF SERVICE BY CERTIFIED MAIL

1

2

3  STATE OF CALIFORNIA        )
                            )  ss.:
4  COUNTY OF LOS ANGELES     )

5  *GERLING AMERICA INSURANCE COMPANY v. ACCEPTANCE INSURANCE*
   *COMPANY*
6  *CIV 471277*

7      I am employed in the County of Los Angeles, State of California.  I am over the age
   of 18 and not a party to the within action.  My business address is 6080 Center Drive, Suite
8  800, Los Angeles, CA 90045-1574.

9      On March 26, 2008, I served on interested parties in said action the within:

10 **NOTICE OF SERVICE ON INSURANCE COMMISSIONER (INSURANCE
   CODE § 12931)**

11 by placing a true copy thereof in sealed envelope(s) addressed as stated below.

12

13
   Acceptance Insurance Company          Certified Mail Article Number:
14 300 West Broadway, Suite 1600
   Council Bluffs, IA 51503              7003 0500 0000 5691 6714
15
   Tel: 712-329-3600                     7003 0500 0000 5691 6714
16
       I am readily familiar with this firm's practice of collection and processing
17 correspondence for mailing.  Under that practice it would be deposited with the U.S. postal
   service on that same day with certified mail postage thereon fully prepaid at Los Angeles,
18 California, in the ordinary course of business.  I am aware that on motion of party served,
   service is presumed invalid if postal cancellation date or postage meter date is more than 1
19 day after date of deposit for mailing in affidavit.

                                        ...os Angeles, California.

                                        ...under the laws of the State of California that the



                                        _____
                                        (Signature)

## PROOF OF SERVICE BY MAIL

1

2

3  STATE OF CALIFORNIA        )
                             )  ss.:
4  COUNTY OF LOS ANGELES     )

5  *GERLING AMERICA INSURANCE COMPANY v. ACCEPTANCE INSURANCE COMPANY,* Case No. CIV 471277

6

7      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 6080 Center Drive, Suite 800, Los Angeles, CA 90045-1574.

8

9      On March 26, 2008, I served on interested parties in said action the within:

**NOTICE OF SERVICE ON INSURANCE COMMISSIONER (INSURANCE**
10  **CODE § 12931)**

11  by placing a true copy thereof in sealed envelope(s) addressed as stated below.

12

13      Michael C. Olson, Esq.
        1400 Bristol Street North, #270
14      Newport Beach, CA 92660

15      Attorneys for Def. Acceptance Ins. Co.
        Tel:  949-442-8940
16      Fax:  949-442-8935

17      I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal
18  service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of party served, service is
19  presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

20

21      Executed on March 26, 2008, at Los Angeles, California.

22      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

24      Beverly J. Dodd                                      *(Signature)*
        (Type or print name)

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99-0000001
3368970.1

2

Notice of Service

**EXHIBIT C**

UNITED STATES POSTAL SERVICE

31 MAR 2008 PM 3 1

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Christopher Kendrick, Esq.
Haight, Brown & Bonesteel
6080 Center Drive, Suite 800
Los Angeles, CA 90045-1574

HD99-0001

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by ( Printed Name)  C. Date of Delivery  3-26-08<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br>ACCEPTANCE INS. Co.<br>300 WEST BROADWAY<br>SUITE 1600<br>COUNCIL BLUFFS, IA<br>51503 | MAR 29 2008<br>USPS |
|  | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label)  7003 0500 0000 5691 6714 | |
| PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540 | |

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                                   )   ss.:
COUNTY OF LOS ANGELES   )

*GERLING AMERICA INSURANCE COMPANY v. ACCEPTANCE INSURANCE COMPANY,* Case No. CIV 471277

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6080 Center Drive, Suite 800, Los Angeles, CA 90045-1574.

     On April _2_, 2008, I served on interested parties in said action the within:

**PROOF OF SERVICE AND AFFIDAVIT OF COMPLIANCE (INSURANCE CODE § 12931)**

by placing a true copy thereof in sealed envelope(s) addressed as stated below.

     Michael C. Olson, Esq.
     1400 Bristol Street North, #270
     Newport Beach, CA 92660

     Attorneys for Def. Acceptance Ins. Co.
     Tel: 949-442-8940
     Fax: 949-442-8935

     I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

     Executed on April _2_, 2008, at Los Angeles, California.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Beverly J. Dodd | _(Signature)_ |
|---|---|
| (Type or print name) | |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99-0000001
3372574.1

Proof of Service and Affidavit of Compliance
(Insurance Code § 12931)