Michael C. Olson, SBN 129496____
**LAW OFFICE MICHAEL C. OLSON, P.C.**
1400 Bristol Street North, Suite 270
Newport Beach, California 92660
Telephone:  (949) 442-8940
Facsimile:   (949) 442-8935
Email: molson@lawyer.com

Attorneys for Defendant ACCEPTANCE
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERLING AMERICA INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>ACCEPTANCE INSURANCE COMPANY, a corporation, and Does 1 to 100, inclusive,<br><br>Defendant. | Case No.  CV082123JL<br><br>**ANSWER OF ACCEPTANCE INSURANCE COMPANY TO THE COMPLAINT OF GERLING AMERICA INSURANCE COMPANY**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant, ACCEPTANCE INSURANCE COMPANY ("ACCEPTANCE"), hereby answers the allegations in Plaintiff's Complaint, as follows:

1.     ACCEPTANCE has insufficient information or belief upon which to admit or deny the allegations contained in paragraph 1, and on that basis leaves Plaintiff to its proofs.

2.     ACCEPTANCE admits that it is a Nebraska corporation, and that in the past it transacted the business of insurance with California residents.

3.     ACCEPTANCE admits that it issued a policy of insurance insuring W. L Butler, Inc. a company which, at one time, was engaged in the construction business.  As to the remaining allegations, ACCEPTANCE neither admits nor denies same for lack of knowledge or information upon which to form a believe and leaves Plaintiff to its proofs.

4. ACCEPTANCE has insufficient information or belief upon which to admit or deny the allegations contained in paragraph 4, and on that basis denies the allegations.

5. ACCEPTANCE has insufficient information or belief upon which to admit or deny the allegations contained in paragraph 5, and on that basis denies the allegations.

6. ACCEPTANCE has insufficient information or belief upon which to admit or deny the allegations contained in paragraph 6, and on that basis denies the allegations.

7. ACCEPTANCE admits that it issued insurance policy numbers D98CM0642 effective 3/1/98 to 3/1/99 and No. D99CM0741 effective 3/1/99 to 3/1/2000. ACCEPTANCE has insufficient information or belief upon which to admit or deny the remaining allegations contained in paragraph 7, and on that basis denies the allegations.

8. ACCEPTANCE neither admits nor denies the allegations contained in paragraph 8 for the reason that the policy of insurance speaks for itself as to the risks insured against.

9. ACCEPTANCE admits the allegations contained in paragraph 9.

10. ACCEPTANCE admits the allegations contained in paragraph 10.

11. ACCEPTANCE has insufficient information or belief upon which to admit or deny the allegations contained in paragraph 11, and on that basis denies the allegations.

12. ACCEPTANCE admits that the *Beiting v. Butler* lawsuit was tendered to ACCEPTANCE and that ACCEPTANCE is participating in the defense of W.L. Butler in the *Beiting v. Butler* lawsuit. ACCEPTANCE denies the remaining allegations in paragraph 12 of the plaintiff's Complaint.

13. ACCEPTANCE denies the allegations in paragraph 13 of the plaintiff's Complaint for the reason the same are not true.

14. ACCEPTANCE denies the allegations in paragraph 14 of the plaintiff's Complaint for the reason the same are not true.

15. ACCEPTANCE denies the allegations in paragraph 15 of the plaintiff's Complaint for the reason the same are not true.

16. As to the allegations contained in Paragraph 16 of the plaintiff's complaint, ACCEPTANCE asserts that Plaintiff has no standing to raise such claims and further asserts that Paragraph 16 of the plaintiff's complaint contains mischaracterizations of California law, conclusions, and are conclusions taken out of context, all of which are denied by ACCEPTANCE.

17. As to the allegations contained in Paragraph 17 of the plaintiff's complaint, ACCEPTANCE asserts that Plaintiff has no standing to raise such claims and further asserts that Paragraph 17 of the plaintiff's complaint contains mischaracterizations of California law, conclusions, and are conclusions taken out of context, all of which are denied by ACCEPTANCE.

## **FIRST CAUSE OF ACTION**
(For Declaratory Relief)

18. In response to the allegations contained in paragraph 18 of plaintiff's complaint, ACCEPTANCE incorporates by reference its responses to paragraphs 1-17 as though fully incorporated herein.

19. ACCEPTANCE has insufficient information or belief upon which to admit or deny the allegations contained in paragraph 19, and on that basis denies the allegations.

20. Respecting paragraph 20 of the plaintiff's complaint, ACCEPTANCE admits that it disputes that it has a duty to indemnify W.L. Butler for every possible claim in relation to the *Beiting v. Butler* lawsuit, and has insufficient information or belief upon which to admit or deny the remaining allegations contained in paragraph 20.

21. ACCEPTANCE denies the allegations contained in paragraph 21.

22. ACCEPTANCE has insufficient information or belief upon which to admit or deny the remaining allegations contained in paragraph 22.

23. ACCEPTANCE denies the allegations contained in paragraph 23.

//

//

//

//

## SECOND CAUSE OF ACTION
(For Contribution)

24.  In response to the allegations contained in paragraph 24 of plaintiff's complaint, ACCEPTANCE incorporates by reference its responses to paragraphs 1-23 as though fully incorporated herein.

25.  ACCEPTANCE denies the allegations contained in paragraph 25.

26.  ACCEPTANCE denies the allegations contained in paragraph 26.

## THIRD CAUSE OF ACTION
(For Indemnity)

27.  In response to the allegations contained in paragraph 27 of plaintiff's complaint, ACCEPTANCE incorporates by reference its responses to paragraphs 1-26 as though fully incorporated herein.

28.  ACCEPTANCE denies the allegations contained in paragraph 28.

29.  ACCEPTANCE denies the allegations contained in paragraph 29.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

30.  ACCEPTANCE is informed and believes, and thereon alleges that in paying any and all sums as alleged in the complaint, plaintiff acted as a volunteer, and as such, is not entitled to recovery of any of the sums paid.

### SECOND AFFIRMATIVE DEFENSE

31.  Plaintiffs' claims are barred to the extent that the alleged damages in the the *Beiting v. Butler* lawsuit did not arise from an "occurrence" and because the alleged damages arose from non-contingent and non-fortuitous events.

### THIRD AFFIRMATIVE DEFENSE

32. As its third separate affirmative defense, ACCEPTANCE alleges that Plaintiffs' claims are barred to the extent that claims in the *Beiting v. Butler* lawsuit do not seek "damages" for "property damage," within the meaning of ACCEPTANCE's subject policy or polices of insurance.

### FOURTH AFFIRMATIVE DEFENSE

33. As a fourth and separate affirmative defense, ACCEPTANCE alleges that Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have received contribution from any other insurer for damages alleged in the Complaint, ACCEPTANCE is entitled to a credit or offset against any sums found to have been paid to the Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

34. As a fifth and separate affirmative defense, ACCEPTANCE alleges that Plaintiffs' claims for contribution are barred to the extent they seek contribution for sums paid to indemnify any insured for damage that arose from the insured's willful, expected, or intended conduct.

### SIXTH AFFIRMATIVE DEFENSE

35. As a sixth and separate affirmative defense, ACCEPTANCE alleges that Plaintiffs' claims are barred because of its lack of standing.

### SEVENTH AFFIRMATIVE DEFENSE

36. As its seventh separate affirmative defense, ACCEPTANCE alleges that Plaintiffs' claims are barred to the extent that the claims alleged in the *Beiting v. Butler* lawsuit did not occur within the policy period of ACCEPTANCE's policy of insurance.

### EIGHTH AFFIRMATIVE DEFENSE

37. As its eighth separate affirmative defense, ACCEPTANCE alleges that the policy of insurance issued by ACCEPTANCE contains the following exclusion to coverage as set forth in Endorsement 3 to the policy:

> "(d) that particular part of any property, not on premises owned by or
> rented to the Insured,

> (i) upon which operations are being performed by or on behalf of the
> insured at the time of the property damage arising out of such operations,
> or
>
> (ii) out of which any property damage arises, or
>
> (iii) the restoration, repair or replacement of which has been made or is
> necessary by reason of faulty workmanship thereon by or on behalf of the
> Insured;"

ACCEPTANCE is informed and believes and thereon alleges that there is no coverage under the policy of insurance issued by ACCEPTANCE because of said exclusion.

## NINTH AFFIRMATIVE DEFENSE

38.   ACCEPTANCE's policy of insurance contains the following exclusion to coverage set forth in Endorsement 3 to the policy:

> "(z) with respect to the completed operations hazard, to property damage
> to work performed by, or on behalf of, the Named Insured arising out of
> the work or any portion thereof, or out of materials, parts or equipment
> furnished in connection therewith."

ACCEPTANCE is informed and believes and thereon alleges that there is no coverage under the policy of insurance issued by ACCEPTANCE because of said exclusion.

## TENTH AFFIRMATIVE DEFENSE

39.   As its tenth separate affirmative defense, ACCEPTANCE alleges that the policy of insurance issued by ACCEPTANCE contains the following exclusion to coverage:

> It is understood and agreed that this policy does not apply to any liability
> for bodily injury or property damage caused by, resulting from,
> attributable or contributed to, or aggravated by the subsidence of land as a
> result of landslide, mudflow, earth sinking or shifting, resulting from
> operations of the Named Insured or any subcontractor of the Named
> Insured.

>The Company shall have no duty to investigate or defend any claim or suit arising out the subsidence of ground, nor shall the Company have any duty to pay the expenses incurred by the Insured for such investigation or defense.

## ELEVENTH AFFIRMATIVE DEFENSE

40. As its eleventh separate affirmative defense, ACCEPTANCE alleges that the policy of insurance issued by ACCEPTANCE contains the following exclusion to coverage:

>This insurance does not apply to:
>
>1. Any damages arising out of or related to 'bodily injury' or 'property damage', whether or not such 'bodily injury' or 'property damage' is known to any insured, and
>
>   (a) which first occurred prior to the inception date of this policy or the retroactive date of this policy, if any: or
>
>   (b) which is, or alleged to be, in the process of occurring as of the inception date of this policy or the retroactive date of this policy, if any, even if the 'occurrence' continues during this policy period.
>
>2. Any damages arising out of or related to 'bodily injury' or 'property damage', which are in the process of settlement, adjustment or 'suit' as of the inception date of this policy, or the retroactive date of this policy, if any.
>
>We shall have no duty to defend any insured against any loss, claim, 'suit', or other proceeding alleging damages arising out of

        or related to 'bodily injury' or 'property damage' to which this endorsement applies. . .

### TWELFTH AFFIRMATIVE DEFENSE

41. As its twelfth separate affirmative defense, ACCEPTANCE alleges that the policy of insurance issued by ACCEPTANCE contains the following exclusion to coverage:

        In consideration of the premium charged, it is understood and agreed that with respects to 'bodily injury' or 'property damage' arising out of either your ongoing operation or operations included within the 'products-completed operations hazard' as respects to all jobs/projects insured under a consolidated (wrap-up) insurance program, the policy to which this endorsement is attached shall apply as excess insurance over any coverage available under a consolidated (wrap-up) insurance program.

### THIRTEENTH AFFIRMATIVE DEFENSE

42. As its thirteenth separate affirmative defense, ACCEPTANCE alleges, that Plaintiff's claims are barred to the extent there is no actual, justiciable case or controversy that exists between Plaintiff and ACCEPTANCE, and/or to the extent that any claimed dispute between these parties is not ripe for adjudication.

### FOURTEENTH AFFIRMATIVE DEFENSE

43. As its fourteenth affirmative defense, ACCEPTANCE alleges that the plaintiff's claims are barred by all applicable statutes of limitations, including without limitation, California Code of Civil Procedure sections 335.1, 337, 339, and 343.

### FIFTEENTH AFFIRMATIVE DEFENSE

44. As its fifteenth separate affirmative defense, ACCEPTANCE alleges that the doctrine of unclean hands bars plaintiff's claims, in full or in part.

### SIXTEENTH AFFIRMATIVE DEFENSE

45. As its sixteenth separate affirmative defense, ACCEPTANCE alleges that the doctrine of waiver bars plaintiff's claims, in full or in part.

### SEVENTEENTH AFFIRMATIVE DEFENSE

46. As its seventeenth separate affirmative defense, ACCEPTANCE alleges that the doctrine of laches bars plaintiff's claims, in full or in part.

### EIGHTEENTH AFFIRMATIVE DEFENSE

47. As a eighteenth separate and affirmative defense, ACCEPTANCE alleges that the Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against ACCEPTANCE.

### NINETEENTH AFFIRMATIVE DEFENSE

48. As a nineteenth separate and affirmative defense, ACCEPTANCE affirmatively alleges that recovery is barred by other terms, conditions, definitions or exclusions set forth in the subject policy or policies of insurance issued by Acceptance, if any.

### TWENTIETH AFFIRMATIVE DEFENSE

49. ACCEPTANCE reserves the right to allege additional affirmative defenses that may arise following discovery, or that arise at trial of this matter.

**WHEREFORE**, ACCEPTANCE prays for judgment as follows:

1. That Plaintiff take nothing by its Complaint from ACCEPTANCE;
2. That this Court determine that the policies issued by ACCEPTANCE do not provide coverage for Plaintiff's claims;
3. For costs of suit incurred herein, including reasonable attorneys' fees and expense to the extent authorized by law; and
4. For such other and further relief as the court deems just and proper.

Dated:  April 29, 2008                    **LAW OFFICE OF MICHAEL C. OLSON, P.C.**

BY:_____/s/_____
    MICHAEL C. OLSON
    Molson@lawyer.com
    Attorneys for Defendant, ACCEPTANCE
    INSURANCE COMPANY

**DEMAND FOR JURY TRIAL**

Defendant, ACCEPTANCE INSURANCE COMPANY hereby demands a trial by jury for all the issues so triable.

Dated: April_29, 2008                LAW OFFICE OF MICHAEL C. OLSON, P.C.


                                     BY:_____/s/_____
                                            MICHAEL C. OLSON
                                            Molson@lawyer.com
                                            Attorneys for Defendant, ACCEPTANCE
                                            INSURANCE COMPANY