David W. Evans (Bar No. 79466)
HAIGHT BROWN & BONESTEEL LLP
71 Stevenson Street, 20th Floor
San Francisco, CA 94105-2981
Telephone: (415) 546-7500
Facsimile: (415) 546-7505

Attorneys for Plaintiff GERLING AMERICA
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GERLING AMERICA INSURANCE COMPANY, a corporation, | Case No. CV 08 2123 JL |
| Plaintiff, | PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND |
| vs. | |
| ACCEPTANCE INSURANCE COMPANY, a corporation; and DOES 1 to 100, inclusive, | Date:  June 25, 2008<br>Time:  9:30 a.m.<br>Ctrm:  F, 15th Floor |
| Defendants. | |

TO DEFENDANT ACCEPTANCE INSURANCE COMPANY AND TO ITS

ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on June 25, 2008, at 9:30 a.m., in Courtroom F of the

above-entitled court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, CA 94102,

plaintiff Gerling America Insurance Company ("Gerling") will, and hereby does, move the court

for an order remanding this action to the superior court for the State of California, County of San

Mateo, where the matter was originally and properly filed.

This motion is made pursuant to 28 U.S.C. § 1447, the doctrine of abstention, and other

statutory and legal authorities.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Santa Monica

HD99-0000001
3391708.1

1

Plaintiff's Notice and Motion for Remand

1      Gerling's motion is based upon this notice of motion and motion; the memorandum of

2  points and authorities attached hereto; upon all pleadings and papers on file herein; and upon such

3  other oral or documentary evidence as the Court may consider at the hearing on this matter.

4

5  Dated: May 20, 2008                          HAIGHT BROWN & BONESTEEL LLP

6

7                                         By: _____

8                                              David W. Evans
                                               Attorneys for Plaintiff
9                                              GERLING AMERICA INSURANCE
                                               COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### INTRODUCTION

4    This is a straightforward declaratory relief action brought by one insurer, Gerling America

5    Insurance Company ("Gerling"), against another insurer, Acceptance Insurance Company

6    ("Acceptance"), concerning insurance coverage for a construction defect lawsuit pending in the

7    California Superior Court against the two insurers' common insured, W.L. Butler, Inc.

8    Acceptance has refused to indemnify the loss based on an incorrect interpretation of its own

9    insurance policy, and Gerling seeks declaratory relief against the recalcitrant insurer.  Thus, this

10   lawsuit involves nothing more than simple questions of state insurance law, which are most easily

11   and economically resolved by the state court.  For those reasons and as set forth more fully below,

12   this court has the discretion to decline jurisdiction over the matter on the grounds of abstention,

13   and to remand it back to the state court in which it was originally filed.

14

### II.

15

### STATEMENT OF FACTS

16   The following facts are relevant to jurisdiction, and the court's discretion to remand the

17   matter back to the state court in which it was filed.

18   **A.    Underlying State Court Action**

19   In or about 2005, W.L. Butler, Inc. was sued in an action entitled *Mark Beiting v. Butler*

20   *Chamberlain-Neilsen Ranch, Ltd., et al.*, Sonoma County Superior Court No. SCV236761

21   ("*Beiting v. Butler* lawsuit").  The *Beiting v. Butler* lawsuit is still pending in the superior court.

22   The action is a garden-variety construction defect lawsuit, alleging causes of action for strict

23   liability; negligence; breaches of warranty; nuisance; breaches of contract; and unfair business

24   practices, based on allegations of construction defects in twenty-one homes constructed by W.L.

25   Butler in Santa Rosa, California.

26   W.L Butler tendered the action to its insurers, including Gerling and Acceptance.  Both

27   Gerling and Acceptance are participating in the defense of W.L. Butler, along with numerous

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99-0000001
3391708.1

1

Plaintiff's Notice and Motion for Remand

1  other insurers.  As insurers on the same risk, Gerling has equitable rights against Acceptance,

2  including rights of contribution and indemnity.

3  **B.**      **Acceptance's Refusal to Indemnify the Common Insured**

4          Beginning in or about August 2007, Acceptance announced that that its policy issued to

5  W.L. Butler would not cover most of the damage alleged by the plaintiff homeowners.

6  Specifically, Acceptance asserted that its policy would not cover damage to any homes completed

7  before the Acceptance policy period.  Conversely, Acceptance also asserted that its policy would

8  not cover any damage to homes happening after the homes had been completed.  Thus,

9  Acceptance adopted an interpretation of its own insurance policy that virtually ruled out any

10  insurance coverage for the loss.  Acceptance has also incorrectly asserted other provisions of its

11  insurance policy, and the interpretation that Acceptance gives to its policy is strained and

12  grammatically unsupportable.  Further, as a result of that interpretation of the policy Acceptance

13  has declined to fully indemnify the loss, contending that the obligation falls on Butler's other

14  insurers, including Gerling.

15  **C.**      **The Instant Declaratory Relief Action.**

16          Gerling originally filed this declaratory relief action against Acceptance in the San Mateo

17  Superior Court on March 18, 2008.  Although it had issued insurance to a California insured,

18  Acceptance declined to submit to service of process.  Because Acceptance had issued the

19  insurance to Butler as a qualified surplus lines insurer, Gerling effected service on Acceptance by

20  serving the California Insurance Commissioner.  California *Insurance Code* § 12931 gives the

21  Insurance Commissioner and the California courts jurisdiction over surplus lines insurers.  Under

22  that statute, the California superior court acquired jurisdiction over Acceptance, and service

23  became effective on April 4, 2008.  On or about April 24, 2008 Acceptance filed a Notice of

24  Removal of Action in this court, based upon diversity of citizenship under 28 U.S.C. § 1441(b).

25          This motion for remand is directed to the court's broad discretionary authority to decline

26  exercise of otherwise valid jurisdiction because the action seeks only equitable relief and presents

27  only questions of state law.  Those matters are best resolved in the state court where the issues

28  arose, by a state judicial system that has a compelling interest in the result.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99-0000001
3391708.1

2

Plaintiff's Notice and Motion for Remand

### III.

### <u>THE COURT HAS BROAD DISCRETIONARY AUTHORITY TO REMAND THIS</u>
### <u>MATTER BACK TO THE STATE COURT IN WHICH IT WAS ORIGINALLY FILED</u>

The exercise of jurisdiction over declaratory relief actions by federal courts is discretionary in all cases, as the Declaratory Judgment Act is "deliberately cast in terms of permissive, rather than mandatory, authority." *Public Service Comm'n of Utah v. Wykoff Co.*, 344 U.S. 237, 250 (1952). The Act only gave the federal courts competence to make declarations of rights; it did not impose a duty to do so. *Public Affairs Assoc. v. Rickover*, 369 U.S. 111, 112 (1962).

According to 28 U.S.C. § 1447:

> "(a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise. . . .
>
> * * *
>
> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [28 USCS § 1446(a)]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

There are three different bases for remanding a removal action back to the state court in which the action was originally filed: (1) procedural defects in the removal (28 U.S.C. §1447(c)); (2) lack of subject matter jurisdiction on the part of the district court (28 U.S.C. §1447(c)); and (3) the doctrine of abstention. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 135

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99-0000001
3391708.1

3

Plaintiff's Notice and Motion for Remand

1  L.Ed.2d 1 (1996). This case falls within the latter and Gerling believes that abstention justifies

2  remanding the matter back to the state court.

3      The doctrine of abstention invests federal courts with discretion to decline the exercise of

4  jurisdiction over actions such as the instant matter, which involve only equitable remedies and

5  only questions of state law. In fact, abstention most commonly applies to remand declaratory

6  relief actions like this one, in order to permit state courts to decide matters about which they have

7  a compelling practical interest. *Government Employees Ins. Co. v. Dizol.,* 133 F.3d 1220, 1225

8  (9th Cir. 1998). Indeed, it has been held that "scrupulous regard for the rightful independence of

9  the state governments and for the smooth working of the federal judiciary" not only authorizes

10 federal courts to exercise their discretion to remand such actions, but actually requires them to do

11 so when certain criteria are met. *Quackenbush, supra,* 517 U.S. at 718 (quoting *Railroad Comm'n*

12 *v. Pullman Co.,* 312 U.S. 496, 500-01, 61 S.Ct. 643, 85 L.Ed. 971 (1941)). The criteria are set

13 forth below and, as also set forth, the application of those criteria require the remand of this

14 lawsuit back to the state court in which it was filed.

15                                      **IV.**

16  **BECAUSE THIS DECLARATORY RELIEF ACTION PRESENTS COMPELLING**

17  **ISSUES OF STATE INSURANCE AND CONTRACT LAW, AND BECAUSE THOSE**

18  **ISSUES ARE PROPERLY AND READILY RESOLVED BY THE STATE COURT, THIS**

19  **COURT SHOULD REMAND IT BACK TO STATE COURT**

20      Federal courts have consistently refrained from exercising jurisdiction in cases for

21 declaratory relief concerning insurance contracts. *American Nat'l Fire Ins. Co. v. Hungerford*, 53

22 F.3d 1012 (9th Cir. 1995) (overruled on other grounds in *Dizol, supra*). Broad discretion to

23 decline jurisdiction over such cases is vested in the district courts. *Wilton v. Seven Falls Co.*, 515

24 U.S. 277 (1995). Whether "the court does raise the issue *sua sponte*, or is asked to decline to

25 entertain the action by a party, then it must explain the basis for its decision on the record." *Dizol*,

26 *supra* at 1221. According to the Ninth Circuit Court of Appeals, *Brillhart v. Excess Ins. Co. of*

27 *America*, 316 U.S. 491 (1942), provides the philosophic touchstone for any district court

28 contemplating an exercise of discretionary jurisdiction:

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99-0000001
3391708.1

4

Plaintiff's Notice and Motion for Remand

1   "The district court should avoid needless determination of state law

2   issues; it should discourage litigants from filing declaratory actions

3   as a means of forum shopping; and it should avoid duplicative

4   litigation. (Citations.) If there are parallel state proceedings

5   involving the same issues and parties pending at the time the federal

6   declaratory action is filed, there is a presumption that the entire suit

7   should be heard in state court. . . . federal courts should generally

8   decline to entertain reactive declaratory actions." *Dizol, supra* 133

9   F.3d at 1225.

10   In *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796 (9th Cir. 1995) (overruled on

11   other grounds in *Dizol, supra*), the court of appeal held that a district court abuses its discretion in

12   asserting jurisdiction over a declaratory judgment action that involves only state law questions of

13   insurance coverage, and which is brought during the pendency of related state court proceedings,

14   stating:

15   "[T]he parties have pointed to no facts or circumstances which

16   would make the exercise of federal court jurisdiction appropriate.

17   They have also failed to explain how the case before us may be

18   distinguished from the general run of insurance coverage cases in

19   which the exercise of a district court's jurisdiction would be

20   unwarranted." *Karussos, supra*, 65 F.3d at 799.

21   As stated by the Supreme Court in *Brillhart*:

22   "[w]here a district court is presented with a claim such as was made

23   here, it should ascertain whether the questions in controversy

24   between the parties to the federal suit, and which are not foreclosed

25   under the applicable substantive law, can better be settled in the

26   proceeding pending in the state court. This may entail inquiry into

27   the scope of the pending state court proceeding and the nature of

28   defenses open there. The federal court may have to consider

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99-0000001
3391708.1

5

Plaintiff's Notice and Motion for Remand

1    whether the claims of all parties in interest can satisfactorily be

2    adjudicated in that proceeding, whether necessary parties have been

3    joined, whether such parties are amenable to process in that

4    proceeding, etc.  We do not now attempt a comprehensive

5    enumeration of what in other cases may be revealed as relevant

6    factors governing the exercise of a district court's discretion."

7    *Brillhart*, 316 U.S. at 495.

8    The *Brillhart* court went on to note that:

9    "[o]rdinarily it would be uneconomical as well as vexatious for a

10    federal court to proceed in a declaratory judgment suit where

11    another suit is pending in a state court presenting the same issues,

12    not governed by federal law, between the same parties.  Gratuitous

13    interference with the orderly and comprehensive disposition of a

14    state court litigation should be avoided."  *Id.*

15    Since the time of *Brillhart*, federal courts have refined the doctrine of abstention,

16 emphasizing the fact that the courts' discretion to decline jurisdiction is not only broad, but that

17 the courts are actually encouraged, and even required, to exercise that discretion in favor of

18 remand.  *See, e.g., Wilton v. Seven Falls Co., supra* (holding that in diversity actions removed

19 from state court, and in which only state law issues are involved, a "district court might be

20 indulging in gratuitous interference . . . if it permitted the federal declaratory action to proceed");

21 *Karussos, supra*; *Hungerford, supra* (permitting declaratory relief action to go forward would

22 "simply result in a waste of federal resources at every level of the decision making process.").

23    Further, while each of the above cases focuses on instances in which another action was

24 currently pending in the state court, the law is clear that a district court's discretion to decline

25 jurisdiction is not dependent on the pendency of a state court proceeding at the time the federal

26 declaratory judgment action is filed, and the fact that no related state court action is pending when

27 the federal action is filed does not relieve the district court of its duty to consider all relevant facts

28

1  when exercising its discretion. *Budget Rent-A-Car v. Crawford,* 108 F.3d 1075, 1081 (9th Cir.

2  1997) (overruled on other grounds); and *Dizol, supra.*

3      Finally, the federal courts have noted that the doctrine of abstention (and principles of

4  federalism, comity and judicial economy which underlie it) is particularly important in the

5  insurance context, an area in which the individual states have a compelling interest. This is

6  because preserving federalism and respecting comity interests are considered particularly weighty

7  where the state's interest in protecting complex state administrative processes from undue federal

8  interference is at stake, as in the wholly state-regulated insurance industry, and where the federal

9  interest is viewed as minimal, because the plaintiff's claim raises only questions of state law.

10  *Continental Cas. Co. v. Robsac Industries,* 947 F.2d 1367, 1371 (9th Cir. 1991).

11      "States, as a matter of tradition and expressed federal consent, have an important interest in

12  maintaining precise and detailed regulatory schemes for the insurance industry." *Quackenbush,*

13  *supra,* 517 U.S. at 733. According to the court in *Karussos,* the traditional rule is that states have

14  a free hand in regulating the dealings between insurers and their policyholders. *Karussos, supra,*

15  65 F.3d at 799. This makes comity concerns particularly critical in insurance cases. As the Sixth

16  Circuit explained in declining to exercise its jurisdiction, "[t]he states regulate insurance

17  companies for the protection of their residents, and state courts are best situated to identify and

18  enforce the public policies that form the foundation of such regulations." *Karussos, supra*, 65

19  F.3d at 799 (quoting *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990)).

20      According to the court in *Hungerford, supra,* "federal courts should decline jurisdiction in

21  insurance coverage and other declaratory relief actions presenting only issues of state law during

22  the pendency of parallel proceedings in state court unless there are circumstances present to

23  warrant an exception to that rule. . . ." 53 F.3d at 1019. See also *Golden Eagle Ins. Co. v.*

24  *Travelers Cos.,* 95 F.3d 807 (9th Cir. 1996) (holding that district court erred in failing to abstain

25  from jurisdiction over declaratory relief action brought by one insurer in state court and removed

26  by other insurer to federal court on diversity grounds; overruled on other grounds); and *Polido v.*

27  *State Farm Mut. Auto. Ins. Co.,* 110 F.3d 1417, 1423 (9th Cir. 1997) (holding that "if a state court

28  remedy is available to the insurer, the district court must consider whether circumstances exist that

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99-0000001
3391708.1

7

Plaintiff's Notice and Motion for Remand

1    overcome the presumption that the entire suit should be heard in state court . . . to prevent forum

2    shopping and piecemeal litigation of complex state law issues"; overruled on other grounds).

3         The declaratory relief action that Gerling brought against Acceptance is precisely the type

4    of litigation to which the doctrine of abstention is meant to apply.  The lawsuit exclusively

5    involves issues of state law regarding the interpretation and application of an insurance policy to

6    state construction defect claims involving California residents.  There are no issues of federal law

7    presented and no compelling reason for the federal court to decide the matter.  Further, the state

8    court remains the best tribunal for deciding the issues presented in the declaratory relief action

9    both because the factual issues arose in a state court and because further state court action will

10   take place affecting the parties.  It is essential to the principal of judicial economy (from the

11   perspective of both the state and federal courts) that these issues all be addressed by the state

12   court.  Finally, it is essential to the orderly operation of the California insurance industry as a

13   whole because it relates to how insurance companies evaluate and settle claims against their

14   insureds amongst themselves.

15        Thus, all of the relevant criteria support remanding the case back to the state court.

16   **V.**

17   **THE BURDEN RESTS UPON THE DEFENDANT TO PROVE THAT THIS COURT**

18   **SHOULD RETAIN JURISDICTION, WHICH IT CANNOT DO**

19        The burden of establishing that removal jurisdiction is proper is placed squarely on the

20   shoulders of the party seeking the removal.  See, 28 U.S.C. § 1446(a).  As such the court, in effect,

21   presumes lack of jurisdiction unless the removing party can prove otherwise.  See, *Kokkonen v.*

22   *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873

23   F.2d 1221, 1225 (9th Cir. 1989).  In the light of these authorities, federal jurisdiction must be

24   rejected if there is any doubt as to the right of removal in the first instance.  *Gaus v. Miles*, 980

25   F.2d 564, 566 (9th Cir. 1992).

26        The sole basis on which Acceptance has removed this action for declaratory relief from

27   state court to federal court is diversity of citizenship, as governed by 28 U.S.C. § 1332.  But

28   Acceptance is required to prove that this declaratory relief action (which otherwise rests entirely

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99-0000001
3391708.1

8

Plaintiff's Notice and Motion for Remand

1  on the interpretation of an insurance policy under applicable state contract law) is more

2  appropriately decided by the federal judiciary than in the state system of justice in which it arose.

3  Since it has no other justification beside diversity, Acceptance cannot meet that burden,

4  particularly because insurance matters are singled out as questions of purely state concern.

5      This is nothing but a garden-variety insurance coverage case, and it is a matter of state

6  concern.  There is a parallel state court proceeding already pending.  Acceptance has no other

7  reason to justify federal jurisdiction and the case should be remanded to the state court in which it

8  was filed.

9                                    **VI.**

10                              **<u>CONCLUSION</u>**

11      For all of the foregoing reasons, plaintiff Gerling America Insurance Company respectfully

12  requests that the court grant its motion, and order the remand of this matter to the Superior Court

13  for the State of California, County of San Mateo.

14

15  Dated: May 20, 2008                HAIGHT BROWN & BONESTEEL LLP

16

17                              By: _____

18                                  David W. Evans
                                    Attorneys for Plaintiff GERLING
19                                  AMERICA INSURANCE COMPANY

20

21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

HD99-0000001
3391708.1

9

Plaintiff's Notice and Motion for Remand