MICHAEL C. OLSON [SBN 129496]
**LAW OFFICE OF MICHAEL C. OLSON, P.C.**
1400 Bristol Street N., Suite 270
Newport Beach, California 92660
Telephone: (949) 442-8940
Facsimile: (949) 442-8935

Attorneys for Defendant,
ACCPETANCE INSURANCE COMPANY.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gerling America Insurance Company, a corporation,<br><br>               Plaintiff,<br><br>    vs.<br><br>Acceptance Insurance Company, a corporation; and DOES 1 to 100, inclusive,<br><br>               Defendants | Case No. CV 08 2123 JL<br><br>**DEFENDANT, ACCEPTANCE INSURANCE COMPANY'S OPPOSITION TO MOTION FOR REMAND.**<br><br>DATE:  June 25, 2008<br>TIME:  9:30 a.m.<br>DEPT: F, 15th Floor |

I.    **INTRODUCTION**

Gerling America Insurance Company (hereinafter, "Gerling" or "Plaintiff") comes to this Court, seeking an order remanding this matter to the Superior Court of the State of California (hereinafter, "State Court"), contending this "dispute" is nothing more than a "straightforward declaratory relief action" between two insurance companies, that Acceptance Insurance Company is nothing but a *"recalcitrant insurer,"* and that this Court has better things to do with its time.

Gerling cares not about this Court's time; it fears *Rule 11* of the *Federal Rules of Civil Procedure* (hereinafter, *"Rule 11"*), this Court's disdain for those that file meritless actions, and this Court's certain wrath once this lemon of a lawsuit is peeled, and this Court gets wind of what is truly going on here.

1    While labeled an "equitable" dispute between carriers over the allocation of a shared

2 indemnity loss; this is anything but. As Gerling's Complaint in this action alleges, both Gerling and

3 Acceptance are actually defending a mutual insured, W.L. Butler, Inc. ("Butler") in a pending

4 construction defect action filed against Butler, and known as *Mark Beiting v. Butler Chamberlan-*

5 *Neilsen Ranch, Ltd., et al.* (hereinafter, "Underlying Action;" *See, Gerling's Complaint, p. 3., para.*

6 *12, lines 22-23).* Notwithstanding the fact that the Underlying Action has yet to go to trial, the fact

7 no jury has found that Butler is responsible for any harm, or that Butler has an obligation to pay or

8 do anything as it relates to allegations in the Underlying Action; Gerling has filed this suit asking

9 this Court to issue both a money judgment and declaratory judgment based upon the notion that

10 Butler "*might*" be found, at some later date, to be responsible to another for defective construction,

11 which has resulted in property damage, and that this property damage occurred during the period of

12 time that Acceptance issued an insurance policy to Butler.   In reality, Gerling seeks an advisory

13 judgment as respects something that might be adjudicated at some time in the future.   Instead of

14 granting remand, this Court should find that remand would be futile under these facts, dismiss this

15 action, and sanction Gerling under *Rule 11.*

16    If this Court is not prepared to dismiss this action; remand should be denied because this case

17 is not a "parallel action" wherein the issues herein will be decided in the Underlying Action.  Neither

18 Acceptance nor Gerling is a party to the Underlying Action, and the subject of the Underlying Action

19 concerns the alleged defective construction of multiple properties, not the interpretation of insurance

20 contracts issued to Butler by Acceptance. Even if a judgment is rendered against Butler at some date

21 in the future, such judgment will not decide whether property damage, as defined in the Acceptance

22 policy issued to Butler has occurred, whether property damage, as defined by the Acceptance policy,

23 has occurred during Acceptance's policy period, and is not otherwise excluded from coverage.  As

24 the Underlying Action is not a vehicle whereby this dispute will be resolved, Gerling's request for

25 this Court to apply the "abstention doctrine" should be rejected.

26    Remand should also be denied simply because there is no important state interest at issue.

27 The State of California does not even have an established "bright line" rule as respects the allocation

28 amongst insurance companies on a loss wherein each has agreed they are obligated to indemnify an

insured. Thus, even if this truly was a "straightforward" declaratory relief action between insurance carriers (and it is not), California only cares that "ultimate justice" be reached in such cases, based upon the particular facts of the case. *Centennial Insurance Company v. U.S. Fire Ins. Co.*, 88 Cal.App.4th 105, 112-113, 105 Cal.Rptr.2d 559 (2001)  As Gerling has offered nothing to demonstrate this Court's inability to analyze facts in this particular case, and to equitably apply those facts to the triggered policies, if any; this motion for remand should be denied.

Remand should also be denied given this is not an action wherein two insurance companies agree they actually have an obligation to indemnify an insured, and simply need a court to determine the proper equitable share within state's particular structure. Gerling seeks a money judgment from Acceptance based upon the notion that Acceptance's contract should be interpreted in favor of Gerling. Gerling also contends it is entitled to money from Acceptance because the contract Acceptance issued to Butler is illusory. *(See, Gerling's Complaint, p. 4, paras. 16 and 17)*.

Gerling's suit is a sham on its face, and nothing more than an attempt to leverage Acceptance into abandoning the reservation of its rights against Butler as respects the claim filed in the Underlying Action. Gerling knows that Courts cannot, and will not, issue advisory judgments, and that this neither this Court nor any California State court will issue the requested advisory remedy. This Court should dismiss this action, sanction Gerling for bringing it, and invite Gerling to re-file it *if and when* liability has actually been adjudicated against Butler. Alternatively, if the Court is not inclined to dismiss this "suit;" it should not remand it, but instead force Gerling to establish how, under any jurisdiction's laws, that Acceptance has an obligation to indemnify an insured "**prior**" to an adjudication by a jury that Butler is obligated to pay damages to a third party.

## II.    STATEMENT OF FACTS

### A.    The Underlying Action

Acceptance agrees with the statement by Gerling in its motion that Butler has been sued in a action known as *Mark Beiting v. Butler Chamberlain-Neilsen Ranch, Ltd.*, that the action is **still pending** in the Sonoma County Superior Court, and that no jury has adjudicated Butler's liability, if

3

1    any, in this Underlying Action.  Acceptance also agrees with the statement in Gerling's motion that

2    the Underlying Action concerns the issue of whether Butler defectively constructed buildings, and

3    not whether any Acceptance policy provides coverage for liability and damages that *might be*

4    adjudged in the future against Butler. *(See, Gerling's Motion for Remand, p. 1, lines 19-25)*

6    **B.    Acceptance's Defense of Butler in the Underlying Action**

7           Acceptance admits that Butler tendered the Underlying Action to both Gerling and

8    Acceptance, and that Acceptance agreed to provide, and **is providing**, a defense to Butler, subject to

9    a reservation of Acceptance's rights.  Acceptance is providing this defense only because of the

10   potential for indemnity under its policy; not because liability and damage have been assessed against

11   Butler.  *See, Montrose Chemical Corp. v. Superior Court,* 6 Cal.4th 287, 299, 24 Cal.Rptr.2d 467

12   (1993).  Again, even Gerling admits that the action against Butler is still pending, not adjudicated,

13   and that **it may have to pay indemnity on behalf of Butler.  It has not alleged to have paid a**

14   **dime toward indemnification of Butler arising from the Underlying Action.**  *(See, Gerling's*

15   *Motion for Remand, p. 1, line 21; See, Gerling's Complaint, p. 5, lines 22-24.)*

17   **C.    Acceptance's Limited Indemnification Policy Language**

18          Acceptance also agrees with Gerling's contention that Acceptance has no obligation to

19   indemnify Butler *until and unless* Butler's liability has actually been adjudicated in the Underlying

20   Action.  In fact, Gerling's Complaint in this action recites the Acceptance policy as respects its

21   obligation, if any, to indemnify Butler in response to third party lawsuits, as follows:

22          "8.    The Acceptance policies granted coverage as follows:

23          The Company will indemnify the Insured, for ultimate net loss in

24          excess of the Insured's Limit hereinafter stated which the Insured

25          **shall become legally obligated to pay as damages because of . . .**

26          **Property Damage. . ."**  *(See, Gerling's Complaint, p. 3, lines 3-8;*

27          *emphasis added.)*

28          Likewise, Acceptance agrees with Gerling's admission that Acceptance is only obligated to

1   indemnify Butler for property damage which Butler can prove occurred during Acceptance's policy

2   period. Again, Gerling's Complaint in this action, admits, as follows:

3           "9.     The Acceptance policies defined "property damage" as:

4           '(1)     Physical injury to, or destruction of, tangible property

5           **which occurs during the policy period, . . ."** *(See, Gerling's*

6           *Complaint, p. 3, lines 9-11; emphasis added)*

7

8   ## III.   **ARGUMENT**

9

10       **A.**    **Gerling Seeks An Advisory Judgment Based On Speculation. This Action Should Be Dismissed, As A Matter Of Law, Because Remand Is Futile.**

11       It is well-settled that a district court may simply dismiss an action in response to a motion for

12   remand to state court where it finds that a case has no merit, and remand would be futile. *Bell v. City*

13   *of Kellogg, et al.,* 922 F.2d 1418, 1424-1425 (9th Cir. 1991).

14       In *Bell,* the district court considered a dispute over a municipal tax levy. The suit was

15   originally filed in the state court, and subsequently removed to appropriate federal district court. *Id.*

16   *at 1421.* When a subsequent motion to remand was filed, the district court instead dismissed the

17   action, concluding that had the action been remanded, the state court would have dismissed the

18   action:

19       The state election statute provided the only state causes of action

20       for the plaintiffs. The state court would have simply dismissed the

21       action on remand due to the fatal failure to comply with the bond

22       posting requirement. Because we are certain that a remand to state

23       court would be futile, no comity concerns are involved. District

24       court resolution of the entire case prevents any further waste of

25       valuable judicial time and resources. The district court correctly

26       denied the motion to remand and dismissed the state claims. *(Id. at*

27       *1425.)*

28       This case is no different, and deserves to be dismissed. Gerling admits that Acceptance is

providing a defense to Butler in the Underlying Action in response to Butler's tender of same. Gerling admits that Acceptance has no obligation to indemnify Butler as a result of the Underlying Action until and unless Butler is found by a trier of fact to be "legally obligated to pay" a third party "damages because of Property Damage." Gerling also admits that the Acceptance policy requires not only that a trier of fact determine liability and damage against Butler prior to Acceptance being obligated to indemnify Butler; but also that Butler must establish that property damage, as defined by the Acceptance policy, occurred during the Acceptance policy period. Finally, Gerling has admitted that the Underlying Action is "still pending," and that no determination has been made by a trier of fact as respects Butler's liability or any damage attributed to Butler.

Simply put, through its own Complaint, and the pending motion for remand, Gerling has established only that Acceptance is properly defending Butler in the Underlying Action, and that Acceptance has no obligation to indemnify Butler, or to pay any money to Gerling, as respects the Underlying Action. Accordingly, Gerling seeks nothing more, with its declaratory relief claim, than an advisory opinion from the courts. California law does not allow for such relief. *Salazar v. Eastin* (1995) 9 Cal.4th 836, 860 [" 'The rendering of advisory opinions falls within neither the functions nor the jurisdiction of this court.' "]. *General of America Ins. Co. v. Lilly* (1968) 258 Cal App. 2d 465, 471 ("Under section 1061 of the Code of Civil Procedure the court may refuse to exercise the power to grant declaratory relief where such relief is not necessary or proper at the time under all of the circumstances.")

Again, this Gerling lawsuit is nothing more than a poor attempt to force Acceptance to give up the reservation of its rights made against Butler, and this Court should not permit Gerling to use this, or the state court system for this improper conduct. This Court can stop this manipulation of Acceptance and the federal and state court systems by simply denying the motion to remand, by imposing *Rule 11* sanctions, and by dismissing this action.

**B.      Remand Should Be Denied Because This Is Not A Parallel Action That We Be Resolved In The Underlying Action.**

Gerling contends that this Court should refrain from hearing this matter because the

6

1   Underlying Action is currently pending, relying upon "authority" that is no longer valid law. (*Citing,*

2   *Golden Eagle Ins. Co. v. Travelers Cos.,* 95 F.3d 807, and *Polido v. State Farm Mut. Auto Ins. Co.,*

3   110 F.3d 1418 (9th Cir. 1997), both of which have been overruled; *See, Gerling's Motion for*

4   *Remand, p. 7, line 20 through p. 8, line 2).*   Gerling failed to direct this Court to *Smith v. Central*

5   *Ariz. Water Conservation District,* 418 F.3d 1028 (9th Cir. 2005), and the failure to do so is not

6   surprising.   There, the Ninth Circuit held that if substantial doubt exists as to whether the parallel

7   state action will resolve the issues pending in the federal action, the district court should maintain

8   jurisdiction.  Citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 28, 103 S.Ct.

9   927 (1983), the *Smith* Court stated:

10                  When a district court decides to dismiss or stay under *Colorado*

11                  *River*, it presumably concludes that the parallel state-court

12                  litigation will be an adequate vehicle for the complete and prompt

13                  resolution of the issues between the parties.   *If there is any*

14                  *substantial doubt as to this*, it would be a serious abuse of

15                  discretion to grant the stay or dismissal at all. . .  *(Smith at 1033.)*

16          Here, the neither Acceptance nor Gerling are parties to the Underlying Action.  Gerling admits

17   that the Underlying Action concerns the issue of whether Butler, and others, defectively constructed

18   several residential structures, and whether the plaintiffs suffered damage.  If and when a jury hears

19   the Underlying Action, the issue of insurance, even generally, will be the subject of *motions in*

20   *liminie*, and the jury will never even hear the word "insurance."   Even if the plaintiffs in the

21   Underlying Action obtain a judgment against Butler, they will have to file and try subsequent lawsuits

22   against Acceptance in order to recover under any policy issued by Acceptance.  *California Insurance*

23   *Code Section 11580.*   Clearly, the Underlying Action is not an adequate vehicle for the prompt or

24   complete resolution of the issues present in this litigation.  Remand is both futile, and improper under

25   these facts.

26

27          **C.      Remand Should Be Rejected Because There Are No Unique State Issues.**

28          Gerling's motion is full of citations to cases which it contends stand for the proposition that

---

DEFENDANT'S OPPOSITION TO MOTION TO REMAND

that a court can abstain from exercising subject matter jurisdiction, that remand "may" be proper wherein the issues in the case concern only questions of state law, and that it is up to the examining Court to use its discretion in deciding to keep the case, or kick it back to the state court. Gerling then leaps to the conclusion that only state law issues exist in this case, and that this Court should kick this case back to the state court from which it is removed. Gerling misses the point.

The abstention doctrine is applicable in cases where the state has a compelling interest that requires consistency in the adjudication and/or protection of the state's administrative processes, such as the **regulation** of insurance, state criminal proceedings, questions involving a state's sovereign prerogative, and cases wherein federal court invention might interfere with a state system for collecting state taxes. *Continental Cas. Co. v. Robsac Industries,* 947 F.2d 1367, 1371 (9th Cir. 1991); *Younger v. Harris,* 401 U.S. 37, 44-45, 91 S.Ct. 746 (1971); *Louisiana Power & Light Company v. City of Thibodaux,* 360 U.S. 25, 28, 79 S.Ct. 1070; *Great Lakes Dredge & Dock Co. v . Huffman,* 319 U.S. 293, 300-301, 63 S.Ct. 1070 (1943). This is not such a case. Gerling admits this case only involves the interpretation of Acceptance's contract with Butler. Thus, this case has nothing to do with the regulation of California's insurance industry, regulation of insurance rate schemes, taxes, or for that matter, anything having to do with any of California's administrative regulations or statutes. In fact, California Courts, on numerous occasions, have declared that insurance contracts, like any other contract, are to be interpreted with the goal being to reach the intention of the parties, based upon a reading of the plain language in the contract. *Foster-Gardner, Inc. v. National Union Fire Ins. Co. of Pittsburgh PA,* 18 Cal.4th 857, 868, 77 Cal.Rptr.2d 107 (1998). The federal courts in California have followed suit and also interpret contracts, including insurance contracts, in the same manner. *Stanford Ranch, Inc. v. Maryland Cas. Co.,* 89 F.3d 618, 626 (9th Cir. 1996). Thus, there is no important state interest in need of protection from this federal court; this court interprets contracts the same way the state courts do. Gerling has nothing to fear of this Court other than strict application of applicable law to these facts.

Gerling attempts to mislead this Court into believing that the federal courts either do, or should, shy away from disputes concerning the interpretation of contracts, including insurance contracts. This simply is incorrect. In fact, Gerling makes the bold statement that "federal courts

1    have consistently refrained from exercising jurisdiction in cases for declaratory relief concerning

2    insurance contracts," and then cites an invalid case as authority for this proposition. *(See, American*

3    *Nat'l Fire Ins. Co. v. Hungerford,* 53 F.3d 1012 (9th Cir. 1995); *Employers Reinsurance Corp. v.*

4    *Karussos,* 65 F.3d 796 (9th Cir. 1995); *See, also, Gerling's Motion for Remand, p. 4, lines 20-22).*

5    The Ninth Circuit's history is replete with cases involving the interpretation of insurance contract

6    language as is the case herein, including, without limitation, *Stanford Ranch v. Maryland Casualty,*

7    *supra; Twentieth Century Ins. Co. v. Liberty Mutual Ins. Co.,* 965 F.2d 747 (9th Cir. 1992); *State*

8    *Farm Mut. Ins. Co. v. Khoe,* 884 F.2d 401 (9th Cir. 1989); *Conestoga Services Corp. v. Executive*

9    *Risk Indemnity, Inc.* 312 F.3d 976 (9th Cir. 2002); *Bodell v. Walbrook Ins. Co.* 119 F.3d 1411 (9th

10   Cir. 1997); *Insurance Company of the State of PA v. Associated International Insurance Company,*

11   922 F.2d 516 (9th Cir. 1990); *AMHS Insurance Co. v. Mut. Ins. Co. of Ariz.,* 258 F.3d 1090 (9th Cir.

12   2001).

13        For the reasons stated herein, including, without limitation, the Ninth Circuit's rich history in

14   deciding contract interpretation suits such as this, remand should be denied.

15

16        **D.    Remand Should Be Denied Because This Action Is More Than A Declaratory**

17             **Relief Claim.**

18        Gerling seeks remand based upon the purported notion that this suit seeks only "equitable

19   remedies," and thus, are not worthy of this Court's consideration.

20        This case is not about injunctive relief.  The Complaint pleads equitable causes of action only

21   because there is no contract between Acceptance and Gerling, and Gerling has no other avenue to

22   pursue but equitable contribution, or indemnity.  *Centennial Ins. Co. v. United States Fire Ins., supra,*

23   *at 114-115.*[1]  In fact, Gerling admits it seeks this Court's interpretation of Acceptance's contract with

24   Butler, and the subsequent imposition monetary damages based upon this interpretation.  The

25   _____

26   [1] If this dispute was between Butler and Acceptance, the only available remedies would be common law breach of

27   contract, and common law breach of the implied covenant of good faith and fair dealing, not equitable contribution.

28   *Centennial Ins. Co. v. United States Fire Ins. Co., supra, at 114-115.*

DEFENDANT'S OPPOSITION TO MOTION TO REMAND

abstention doctrine is not applicable in cases involving monetary damage awards.  *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 719-723.  Because this case does seek money, and not the imposition of a mandatory or prohibitive injunction, remand is not appropriate.  Indeed, the Court would "abrogate its judicial duty" if it remanded this matter.

**IV.    CONCLUSION**

For the above-stated reasons, Acceptance requests this Court to dismiss this action. Alternatively, if the Court is not inclined to dismiss this action, Acceptance requests that this remand motion be denied.

Dated:    June 3, 2008    **LAW OFFICE OF MICHAEL C. OLSON, P. C.**

By:    _____
MICHAEL C. OLSON
Attorneys for Defendant, ACCEPTANCE
INSURNACE COMPANY

10